## EMMONS VS. SHELDON.

PRACTICE:    *Verdict set aside for excessively small damages.—Motion founded on judge's minutes.—" Insufficient evidence."—Proper party to pay costs.*

1. Where plaintiff, if entitled to recover at all, was clearly entitled to a larger amount than that allowed by the jury, the verdict may be set aside " for insufficient evidence " (sec. 16, ch. 132, R. S.), on a motion founded upon the judge's minutes.

2. In general, the party in whose favor a verdict is set aside, should be required to pay the costs: but it *seems* that in case of a " perverse verdict " the court may allow a new trial without requiring such payment by the party wronged; and in this case, the objection that the order was granted without such condition not having been taken in the court below, the order is affirmed.

APPEAL from the Circuit Court for *Dane* County. The case is stated in the opinion.

*Carpenter & Chase* (with *J. C. Hopkins*, of counsel), for appellant, conceded that before the Code the court had inherent power over the granting of new trials, but contended that the Code superseded the previous practice, being a revision of the law upon the whole subject (7 Mass. 140; 12 id. 537, 545; 5 Pick. 168; 10 id. 37; 3 Greenl. 22; 1 Ashm. 179; 5 Texas, 418); that a new trial could not properly be granted under the statute in a case of this kind—the motion not being based upon *exceptions*, and there being no pretense that the evidence was *insufficient*, or that the damages were *excessive* (R. S. ch. 132, sec. 16); that in any event, the defendant was entitled to avoid a new trial by consenting to a modification of the verdict—a privilege which was not offered him (2 E. D. Smith, 349; 12 Barb. 492; 45 Eng. C. L. 914; 3 Mason, 102); and that the plaintiff should at least have been required to pay the costs (*Jackson v. Thurston*, 3 Cow. 342; *Ellsworth v. Gooding*, 8 How. 1; *Bk. of Utica v. Ives*, 17 Wend. 501; *Conrad v. Williams*, 6 Hill, 444; *Simmons v. Fay*, 1 E. D. Smith, 107; 3 Sandf. 19; 12

Barb. 492; 19 id. 462; 45 Eng. C. L. 914; 2 E. D. Smith, 349; 5 Bosw. 312). On the whole case, see 19 How. Pr. R. 405.

*Wm. F. Vilas,* for respondent, cited *Tutton v. Andrews,* Barnes, 448; *Markham v. Middleton,* 2 Stra. 1259; *Armytage v. Haley,* 4 Ad. & E., N. S. (45 E. C. L.) 917; *Taunton Man. Co. v. Smith,* 9 Pick. 11; *Bacot v. Keith,* 2 Bay (S. C.), 465; *Collins v. R. R. Co.,* 12 Barb. 492; *Richards v. Sandford,* 2 E. D. Smith, 349; *English v. Clerry,* 3 Hill (S. C.), 279; *Wallace v. Frazier,* 2 Nott & McC. 516; 1 Gra. & Wat. on N. T., ch. XII, sec. IV; 3 id. ch. XI, sec. IX.

COLE, J. This is an appeal from an order granting a new trial. The action was for the recovery of damages for personal injuries occasioned the plaintiff through the negligence and carelessness of the servant of the defendant. The jury rendered a verdict n favor of the plaintiff for five dollars damages. Thereupon the plaintiff made a motion for a new trial upon the minutes of the judge, which was granted on the ground that the jury having found, under the charge of the court, that the plaintiff was without fault and the defendant's servant was guilty of negligence, the damages were, in any view of the testimony upon that subject, inadequate. It is now claimed that the court had no power to grant a new trial upon a motion on the minutes, merely because the amount of damages was too small. Such a motion, it is said, can only be entertained "upon exceptions, or for insufficient evidence, or for excessive damages," in the language of the statute, and upon no other ground. But we suppose the meaning of the statute is, that the court may entertain a motion on the minutes for a new trial "for insufficient evidence," where the verdict is clearly unwarranted or unsupported by the testimony in the case. Suppose, in an action for a great bodily injury, where, if the plaintiff is entitled to recover

at all, he should recover compensatory damages, the jury, through some caprice or compromise, give merely nominal damages. Cannot a motion be made on the minutes to set the verdict aside and grant a new trial " for insufficient evidence " ? There would in truth be no evidence to support such a verdict, but it would be against all the evidence which the jury was bound to regard. In the case of *Moore v. Wood,* 19 How. Pr. R. 405, the court held that a party could not move on the minutes to set aside a verdict in his own favor, on the ground that the damages found by the jury were too small. " By insufficient evidence," the court say, " is intended a case where the verdict is contrary to the evidence, not where the jury have found a verdict upon evidence, but have ignorantly or perversely found too small damages." It seems to us, if a jury ignorantly or perversely finds for a plaintiff five dollars damages, where the evidence shows that he should recover a thousand dollars damages, that such a verdict is clearly contrary to evidence, and found upon insufficient evidence. See *McDonald v. Walter,* 40 N. Y. 551.

The general power of the court to grant a new trial on motion of the plaintiff, in actions of this character, on the ground of too small damages, was not seriously questioned upon the argument; but it is said such an order is never granted except upon condition of payment of costs. This matter does not seem to have been called to the attention of the court below, and the objection that the order should have been conditioned on payment of costs by the plaintiff, is now taken for the first time. The general rule doubtless is, to require the party obtaining the order to pay costs. It seems to us that this rule is not inflexible, to be adhered to in every possible case. But when, as in this case, the damages found by the jury are so small as to force upon the mind the conviction that by some means the jury acted under the influence of

a perverted judgment, the court might properly relieve the party from the payment of costs upon granting his motion for a new trial. Such an exercise of judicial discretion would seem to be eminently wise in a case of a "perverse verdict." For the jury, by their verdict, establish the right of the plaintiff to recover, and then have arbitrarily and capriciously given her only five dollars damages for a most serious bodily injury.

*By the Court.*—The order of the circuit court granting a new trial is affirmed.