Jones vs. Evans.

## JONES vs. EVANS.

PRACTICE: (1) *Motion to set aside judgment; when it must be on a case settled.* (2) *How objection waived.* (3) *When order as to new trial reversed.*

1. Except in certain cases specified in C. C. Rules of 1857, Rule 12, it is irregular to move at a subsequent term to set aside a judgment upon affidavits, without having had a case settled; and if the objection were taken and overruled at the circuit, this court might be compelled to reverse on that ground an order granting the motion.
2. But if the party resisting the order omits to take that objection at the circuit, and afterwards, on appealing from the order, procures a case to be settled, he cannot take the objection here. So *held* in a case where a new trial was granted on the ground of newly discovered evidence.
3. An order granting or refusing a new trial will not be reversed except for an abuse of discretion, or where the court below has clearly proceeded upon an erroneous view of the law.

APPEAL from the Circuit Court for *Dodge* County.

The defendant appealed from an order granting a new trial. The facts, so far as they are necessary to explain the points of practice decided, will appear from the opinion. It has not been thought worth while to give here the affidavits upon which the order appealed from was founded.

*E. P. Smith*, for appellant, to the point that a motion for a new trial on the ground of newly discovered evidence, cannot be heard on affidavits alone, cited Rule 34, S. C. Rules, and 7 Wend., 331. He also argued that the affidavits, except that of the plaintiff himself, should not have been received in evidence, because not duly authenticated; that the plaintiff knew or might have known of the existence of the new evidence at the time of the first trial, and was guilty of negligence in not procuring the same, etc.

*F. Hamilton*, for respondent.

LYON, J. The action is upon two promissory notes, and was tried at the June term, 1870, of the circuit court for Dodge county. The defendant had a verdict. At the ensuing September term of the court, the plaintiff moved on affidavits, and without procuring a case to be settled, that said verdict, and the judgment which had been entered upon it, be set aside and vacated and a new trial granted. After argument by counsel, and after hearing counter-affidavits on the part of the defendant, the court granted the motion. The defendant appeals to this court from the order granting the same.

We agree with counsel for the defendant, that a case should have been settled before the motion for a new trial was entertained; and had that objection been taken to the proceedings on the motion in the circuit court, and overruled, it is quite probable that it would be our duty to reverse the order. But it does not appear that such objection was taken to the proceedings; and since the motion was decided, a case has been regularly settled and is before us. The practice is quite common, to move for a new trial for causes stated in affidavits accompanying the motion, and at a term subsequent to the one at which the verdict was rendered, without first settling a case. But that practice, except in certain cases specified in the rule (Circuit Court Rules of 1857, Rule 12), is irregular, and, if proper objection be taken, must, I think, reverse the order

granting the motion. But we see no reason why the requirements of the rule in this respect may not be waived, and the irregularity cured, by the failure of the opposite party to object the circuit court to the proceedings upon the motion, and by procuring a case to be afterwards settled.

If the plaintiff has made a proper case for a new trial, by the case now settled and by the affidavits, it will be a useless process to reverse this order for such irregularity, and compel him to renew his motion in the circuit court, which, in such case, would be again granted, as a matter of course. We think the better reasons, under the special circumstances of this case, are in favor of the views indicated; and we hold that the irregularity of moving on affidavits alone for a new trial for newly discovered evidence, has been waived by the opposite party.

We have but little to say on the merits of the motion for a new trial. This court has repeatedly held that the granting or refusing to grant the motion is a matter addressed to the sound discretion of the circuit court. The decisions of this court to that effect are quite numerous, and are cited in *Van Doran v. Armstrong*, decided at the present term. It is only in a case where there has been an abuse of that discretion, or where it is clear that the court below has proceeded upon a mistaken view of the law, that this court will interfere.

We have read the evidence in this case and the affidavits in support of the motion, carefully, and we are unable to say therefrom that the new trial was improperly granted. Much less can we say that there was an abuse of discretion in granting the same.

And even were we to exclude all of the affidavits read by plaintiff in support of the motion except his own, we could not then say that there was an abuse of discretion on the part of the circuit court.

The order appealed from must be affirmed.

*By the Court.*—Order affirmed.