CARROLL vs. MORE and others.

PRACTICE; NEW TRIAL.

1. A motion for a new trial on the ground of newly discovered evidence should be based upon a case or bill of exceptions, and not upon affidavits only. *Jones v. Evans*, 28 Wis., 168.
2. Where the record recites that such a motion, based upon affidavits, was by consent of parties, brought to a hearing, and the affidavits were heard against it as well as in its favor; *Held*, that the objection that there was no case or bill of exceptions was *waived*.

Carroll vs. More and others.

3. Even if this objection was taken at the hearing, the reading of affidavits in opposition to the motion, must be taken as a waiver of the objection.

4. Upon notice of such a motion, and service of the affidavits upon which it is based, good faith requires the party noticed to inform the moving party that he will object to a hearing unless a case is made.

5. Where it appears that previous to the former trial, a person whose testimony is now alleged to be important, had left the state, without the knowledge of the plaintiff, and gone to parts unknown; that as soon as his residence was ascertained, steps were taken to procure his testimony; that plaintiff did not know what such testimony would be, until after the former trial; and that such testimony will in fact be very important for him: *Held*, that it was not an abuse of discretion to grant a new trial on plaintiff's motion.

6. A new trial should usually be granted upon terms that the mover pay the costs of the former trial; and no sufficient cause being shown for a departure from the rule in the present case, an order granting a new trial without terms is modified accordingly.

APPEAL from the Circuit Court for *Portage* County.

The opinion states the case.

*James Raymond,* for appellant.

*G. L. Park* and *D. Lloyd Jones, contra.*

COLE, J. Judgment upon the finding of the court below, was entered in favor of the defendants on the the 29th of September, 1870. At the general term on the 10th of July, 1871, the plaintiff moved, upon affidavits and notice previously served, to set aside the judgment and for a new trial, on the ground of newly discovered evidence. This motion was granted; and from the order granting the same this appeal is taken.

Among the objections taken to the order, is the objection that it was irregular for the court to entertain the motion, except upon a case made. The record states as follows: "The motion for a new trial in the above entitled cause, *based upon affidavits, having by consent of parties been brought on to a hearing,* * * * , and after hearing the affidavits as well for the defendants as for the plaintiff, and the argument for counsel thereon," etc.

After the motion was granted, the counsel for the defendants filed exceptions to the order; and it is stated that these objections were urged upon the hearing of the motion, and were overruled by the court. And the second objection is, that no case or bill of exceptions was settled upon which to base the motion.

Correct practice doubtless required that such a case should be made (*Jones v. Evans*, 28 Wis., 168); but we think the objection was waived. The record shows that the motion was heard upon affidavits on the part of the defendants, as well as on the part of the plaintiff; and the fair presumption from what is recited in the order is, that this hearing of the motion upon affidavits, was by consent of parties. But it is said that the record further shows that the objection that no case was settled was taken on the hearing, and overruled. The record is somewhat confused upon this point; but, assuming that the defendants took the objection on the hearing, they should have stood by it, if they intended to insist upon it. They ought not to be permitted to produce and read affidavits in opposition to the affidavits read upon the other side, and then, if the decision is adverse to them, say the practice was irregular. Indeed, good faith required that they should inform the plaintiff, when notice of the motion and copies of the affidavits were served upon them, that they should object to the hearing of the motion unless a case was made. Copies of the affidavits in support of the motion, and notice thereof, were served upon the counsel for the defendants in February, 1871; and there was ample time to prepare a case, had the objection then been raised. But it was not, and the parties afterwards saw fit to go into the merits of the motion on affidavits on both sides. This surely should be considered as a waiver of the objection that no case was made as required by the rules of court.

In respect to the motion on the merits, it is objected that the plaintiff knew that the testimony of Blackman was material, and that the affidavits on his part do not show the use of prop-

er diligence to obtain it for the trial. We do not think this objection well taken.    It appears that previous to the trial Blackman had left the state, without the knowledge of the plaintiff, and had gone to parts unknown.    As soon as his residence was ascertained, steps were taken to procure his testimony ; but the plaintiff did not know what his evidence would be until after the trial.    That his testimony will be most important for the plaintiff cannot be denied.    And in view of the matters stated in his affidavit, we cannot say there was 'any abuse of discretion on the part of the circuit court in setting aside the judgment and granting a new trial.

But the new trial should not have been granted except upon terms.    The usual terms imposed are the payment of the costs of the former trial, and this, at least, should have been required in the present case.    It is true, the rule that a party obtaining the new trial must pay costs, is not inflexible (*Emmons v. Sheldon*, 26 Wis., 648); but there was nothing in this application which would render it an exception to the general rule upon that subject.

The order granting a new trial must therefore be modified to the extent of requiring the plaintiff to pay the taxed costs of the former trial as a condition of taking the benefit of the order.

*By the Court.*—It is so ordered.