HOFFMAN and another vs. DOOLITTLE and another.

*November 15 — November 30, 1880.*

NEW TRIAL. *(1, 3) Modifying order for new trial. (2) Terms on which such an order should be granted.*

1. The court has power to *modify*, at the same term, an order granting a new trial.
2. Where the verdict is not a perverse one, a new trial should be granted only upon terms that the moving party pay the costs of the former trial.
3. In this case, where the order for a new trial was made by consent, without condition as to costs, the counsel and court being under a misapprehension as to the rule on that subject, there was no error in modifying the order on motion of the party successful on the former trial, so as to require the opposite party to pay the costs thereof.

APPEAL from the County Court of *Dodge* County.

After a verdict for the plaintiff in this action, defendants moved on the judge's minutes for a new trial, on the ground that the verdict was contrary to the evidence and instructions; and the court made an order granting the motion, without any specification as to costs. Afterwards plaintiffs moved to "amend and perfect" the order by adding these words: "Upon

Hoffman and another vs. Doolittle and another.

the terms that the defendants pay the taxable costs of the former trial." On the hearing of this motion, an affidavit of defendants' attorney was read, to the effect that, on the hearing of the first motion, after the judge had announced orally his decision, plaintiffs' attorney, addressing the court, said, "I suppose the costs abide the event;" that thereupon the judge remarked, "I understand the rule to be that no costs are allowed in such cases," and the affiant assented; and that the affiant then drew the order and showed it to plaintiffs' attorney, who made no objection, and the same was thereupon signed and filed.

The court granted the motion for an amendment; and from such second order the defendants appealed.

The cause was submitted on the brief of *A. Scott Sloan* for the appellants, and that of *E. Elwell* for the respondents.

COLE, C. J. The power of the county court at the same term to modify its order granting a new trial cannot well be doubted. The learned counsel for the appellants says that the order in the first instance was made by consent, the counsel and the court being under a misapprehension as to the rule established by this court in such cases. This may have been so. The county court certainly seemed to be under the impression that it would be error to require the payment of costs of the former trial as a condition to granting a new trial. But when attention was called to the matter on the motion made for that purpose, the court modified its order, as it had the clear right to do, by adding thereto the condition that the defendants pay the taxable costs of the former trial. These were the usual terms. This court has held in a number of cases that, ordinarily, a new trial should only be granted on the condition that the moving party pay the costs of the former trial. *Carroll v. More*, 30 Wis., 574; *Pound v. Roan*, 45 Wis., 129; *Smith v. Lander*, 48 Wis., 587. A departure from this rule is only sanctioned in case of a perverse verdict, as in

*Emmons v. Sheldon*, 26 Wis., 648. There is no ground whatever for saying, in this case, that the verdict is a perverse one; that is, that it must have been the result of a crooked or distorted judgment, on the part of the jury, of the facts proven on the trial. It was doubtless an honest verdict, not without evidence to support it. Under the circumstances it would be improper for us to indicate whether we deemed it warranted by the weight of testimony.

*By the Court.*—The order of the county court must be affirmed.