CARROLL, Respondent, vs. HANGARTNER, Appellant.

*September 4 — September 21, 1886.*

*New trial: Appeal: Bill of exceptions.*

An order refusing to grant a new trial on the ground of newly discovered evidence will not be reversed unless the testimony given on the trial is preserved in a bill of exceptions. R. S. sec. 2879.

APPEAL from the Circuit Court for *Washington* County.

The action is to recover the consideration paid by the plaintiff to the defendant for a certain gray mare, and the cost of keeping her after the defendant had refused to accept an offer of plaintiff to return her. The ground of the action is that on the sale the defendant made fraudulent representations or warranties that the animal was true and gentle, and was with foal, upon which the plaintiff relied, and which he believed to be true. The answer contains specific denials covering all the material allegations of the complaint, except the allegation of the offer to return the mare.

A trial was had, and the plaintiff recovered on the ground (as appears by the special verdict returned by the jury)

Carroll vs. Hangartner.

that the defendant did falsely and fraudulently represent to the plaintiff on the sale that the mare was not balky, upon which the plaintiff relied, when in fact the mare was balky and the defendant knew it. Judgment for the plaintiff was thereupon entered pursuant to the verdict.

At the next term of the trial court the defendant obtained an order to show cause why a new trial should not be granted because of newly discovered evidence. The affidavits of several persons named in the order accompanied the application therefor. It is stated in the order that the application will be heard "upon the papers heretofore filed in said action, the evidence taken on the trial thereof, as shown by a transcribed copy of the phonographic reporter's minutes, and the affidavits hereinbefore mentioned and hereto attached." It was so heard, and a new trial was denied. From the order denying the same, the defendant appeals to this court. The record contains no bill of exceptions.

For the appellant there were briefs by *Paul A. Weil,* and oral argument by *D. S. Rose* and *C. T. Hickox.*

For the respondent there was a brief by *P. & T. O'Meara,* and oral argument by *Mr. T. O'Meara.* They cited *Scofield v. Walrath,* 28 N. W. Rep. 926.

LYON, J. Under sec. 2879, R. S., the circuit court may, in its discretion, hear a motion for a new trial for alleged newly discovered evidence, without a bill of exceptions, if it has present for reference the judge's minutes or a transcribed copy of the phonographic reporter's minutes in the case. Before that provision was enacted it was necessary, on such a motion, to settle a case containing the testimony, unless the other party waived it. *Jones v. Evans,* 28 Wis. 168; *Carroll v. More,* 30 Wis. 574. But, on appeal to this court from the order determining the motion, sec. 2879 provides that a bill of exceptions must be settled. Without it

this court cannot know what testimony was given on the trial, and without such knowledge we cannot say that the trial court abused its discretion, either in granting or refusing a new trial. The trial court may well be permitted to decide the motion with only the minutes of the judge or reporter before it, because errors or omissions therein may be supplied from the judge's. recollection of the testimony. They are mere *memoranda* to refresh his memory. They do not import verity. No court can intelligently determine the merits of a motion for a new trial for newly discovered evidence without knowing what testimony was given on the trial, and this court can only obtain that knowledge by having before it a bill of exceptions, duly settled and signed, containing the testimony. Hence the mandate of the statute that in such a case a bill of exceptions must be settled.

It is believed that this court has never reversed the ruling of a trial court on such a motion, unless the testimony given on the trial was regularly preserved in a case or bill of exceptions. If it has, it was done inadvertently, and the error should not be repeated.

Not having the testimony before us, it is impossible intelligently to determine the significance of the alleged newly discovered evidence, or its probable effect on another trial. Were we to attempt this, our conclusions would be mere conjecture, and none the less so because much of the newly discovered evidence consists of admissions alleged to have been made by the plaintiff after the trial, against his right of action. Because we cannot say, from this record, that the refusal of the circuit court to grant a new trial was an abuse of its discretion in that behalf, we cannot disturb the order appealed from.

*By the Court.*— Order affirmed.