JANUARY TERM, 1888. 71

Walter A. Wood Reaping and Mowing Machine Co. vs. Stenel.

WALTER A. WOOD REAPING AND MOWING MACHINE COMPANY, Appellant, vs. STENEL, Respondent.

*February 2 — February 28, 1888.*

*Sale of chattels: Statute of frauds: Acceptance: Instructions to jury: New trial.*

In an action to recover $200, the price of a harvester, there was evidence of a parol contract that defendant would accept the machine if, in a field trial, the judges should decide in its favor. The court instructed the jury that this evidence was of no consequence, except as it might aid them in determining whether defendant did accept the machine, and that they had a right to take it into consideration only for the purpose of determining that question. *Held,* that an order granting a new trial because the court failed to instruct the jury that such promise did not constitute an acceptance and that defendant could refuse to take the machine notwithstanding the promise, must be reversed because the charge given covered the ground.

APPEAL from the Circuit Court for *Calumet* County. The case is stated in the opinion.

For the appellant there was a brief by *Nash & Nash,* and oral argument by *Mr. L. J. Nash.*

*Gabe Bouck,* for the respondent.

LYON, J. This is an appeal from an order of the circuit court granting a new trial for errors which the court deemed it had committed by refusing to give the jury certain instructions proposed on behalf of the defendant.

The action is for the price of a harvester and binder alleged to have been sold by the plaintiff to the defendant. The answer is a general denial. The price of the machine was $200. The contract of sale was by parol, and hence within the statute of frauds. The question litigated was whether the defendant had accepted the machine. He had received it upon trial, and, before accepting it, arranged

with the agent of the plaintiff for a competitive trial with another machine. This is referred to as a field trial. It was claimed on the part of the plaintiff that the defendant agreed that if a committee which had been agreed upon should decide in favor of the plaintiff's machine he (the defendant) would keep it. The testimony tended to prove such agreement. The committee so decided.

It was stated in the order granting a new trial that the same was granted for the sole and only reason that the court refused to give the following instructions asked by the defendant, to wit: "If the defendant, on the day of the trial or before the trial, said to the agent or agents or employee of the plaintiff that he would keep the machine the committee decided in favor of, and, after the trial, refused to take the Wood machine, this did not constitute an acceptance. Such promise was not valid, unless followed by an acceptance. Unless followed by an acceptance, a void contract. He was not, by reason of such promise and the decision of the committee, obliged to accept the machine. He could refuse to accept the machine, even if he so said he would take the machine if the committee decided in favor of it." Such being the order of the court, no question of discretion is presented. If it was error to refuse the above instructions, a new trial was properly granted; otherwise, not. *Bushnell v. Scott*, 21 Wis. 451; *Jones v. Evans*, 28 Wis. 168; *Duffy v. C. & N. W. R. Co.* 34 Wis. 188.

Probably, the propositions which the court refused to give were correct statements of the law, but we think they were substantially given in the general charge. If so, it was not error to refuse to give them. In the general charge we find the following instructions:

"The principal question with which you have got to deal is to determine, from all the evidence in the case, whether or not the defendant did accept the machine. Now, there has been a good deal of talk, gentlemen, and

considerable proof *pro* and *con*, as to the trial of this machine,— the first trial which was had the first day, and as to the field trial, and what was done at that time, and what the judges said, and the decision they rendered about it. Now, so far as the present issue is concerned,— so far as you are concerned in dealing with this case,— all that is of no consequence, except as it may bear upon the question whether or not the defendant accepted this machine. It is all of no consequence, except as it may aid you, if it does aid you, in determining the question whether or not the defendant did accept this machine; and for that purpose only you have a right to take into consideration all that evidence."

By this instruction the jury were emphatically told that the defendant's agreement to take the machine in favor of which the committee should decide did not bind the defendant, and was of no importance in the case, except they might consider the circumstance as bearing upon the question of acceptance. The charge covers the whole ground of the proposed instructions, and the defendant has no cause for complaint because such instructions were not repeated.

*By the Court.*— The order of the circuit court is reversed, and the cause will be remanded with directions to that court to deny the motion for a new trial.