OCONTO BREWING COMPANY, Respondent, vs. CAYOUETTE, Appellant.

*March 12—March 30, 1909.*

(1) *Appeal: Order granting new trial for error of law: Review.*
    (2, 3) *Contracts: Validity: Lack of mutuality: Executed contract.*

1. Where it is plain that a new trial was granted, not in the exercise of discretion, but because of supposed error of law committed by the trial court, the supreme court, on appeal, will review the question of law so presented.

2. A contract which is not enforceable while executory because of want of mutuality becomes valid when executed.

3. A contract whereby a brewing company, to induce a saloonkeeper to sell its beer, agreed to erect a beer depot in the city and deliver its beer therefrom every morning, and that until such depot was built he was not to pay for the beer furnished to him, is valid after performance by the saloonkeeper and, the company having failed to build the beer depot, is a complete defense to an action for the value of the beer furnished.

APPEAL from an order of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Reversed.*

This action was brought by the plaintiff, a brewing company, to recover from the defendant $133.50 for beer delivered to defendant, a saloonkeeper in the city of Shawano, between the 22d day of November, 1906, and the 9th day of April, 1907. The plaintiff's cause of action is upon express contract, to the effect that defendant promised to pay an agreed price for said beer. The defendant answered in effect that the plaintiff was anxious to place its goods in Shawano to be handled by defendant, and that it agreed to erect a beer depot in the city of Shawano and deliver its beer therefrom every morning, and that until such depot was built defendant was not to pay for the beer furnished, and that if such depot was not built plaintiff would not require the payment for beer delivered after the 22d day of November, 1906, and

would refund to defendant the moneys paid by him for beer prior to said November 22, 1906, and that plaintiff never fulfilled its promises and never built the depot; and, owing to the fact that defendant had no facilities for taking care of the beer, it was damaged, which caused defendant loss in his business. The defendant also counterclaimed to recover money paid before November 22, 1906, but the counterclaim was disallowed by the court.

The evidence offered tended to support the allegations of the answer, and the jury found a general verdict for the defendant. Thereupon the plaintiff filed a motion for a new trial upon the grounds: (1) That the court erred in overruling the plaintiff's objections to evidence under the answer; (2) error in admitting evidence; (3) error in refusing to allow plaintiff to examine the jury fully as to qualifications; (4) error in refusing to direct a verdict for the plaintiff; (5) because the verdict is contrary to law; (6) because the verdict is contrary to the evidence. Also a motion for judgment notwithstanding the verdict. On the hearing of these motions the court granted the plaintiff a new trial on the ground that the verdict was contrary to law. This appeal is from the order granting a new trial.

*P. J. Winter,* for the appellant.

For the respondent the cause was submitted on the brief of *Allan V. Classon.*

KERWIN, J. It is insisted by appellant that the court did not grant a new trial under its discretionary power in that regard, but because of error of the court, and that this is manifest from the fact that no costs were awarded as a condition. It is very plain from the order itself, as well as from the fact that no costs were imposed as a condition of the new trial, that it was granted for error of the court. *Frost v. Meyer,* 137 Wis. 255, 118 N. W. 811; *Giese v. Milwaukee E. R. & L. Co.* 116 Wis. 66, 92 N. W. 356. While considerable dis-

cretion is vested in the trial court respecting the granting of a new trial, yet, where it is plain that the new trial was granted for alleged error of law committed by the trial court, this court will review the question of law so presented. *Duffy v. C. & N. W. R. Co.* 34 Wis. 188; *Walter A. Wood R. & M. Co. v. Stenel,* 71 Wis. 71, 36 N. W. 636; *Jones v. Evans,* 28 Wis. 168; *Fairbanks v. Holliday,* 59 Wis. 77, 80, 17 N. W. 675.

There are several alleged errors of law committed by the court upon the trial and covered by the motion for a new trial, still it does not definitely appear from the record upon what ground the trial court held that the verdict was contrary to law. We assume, however, from the argument of counsel on both sides that in granting the new trial the court below came to the conclusion that the alleged contract for the purchase of beer referred to in the statement of facts was void, either for want of mutuality or for want of consideration, or both; hence that the answer, and the evidence offered to support it, constituted no defense. Therefore the plaintiff was entitled to recover as a matter of law upon the showing made.

We cannot agree with this conclusion. We see no reason why a valid contract might not have been made based upon the alleged agreement for the furnishing of beer by the plaintiff to the defendant gratis, as specified in the contract; and whether this contract could be enforced while executory for want of mutuality we need not consider, because it appears that when the action was brought the contract had been fully performed and was then an executed contract, and under the repeated decisions of this and other courts, even though a contract is not enforceable while executory by reason of want of mutuality, it becomes valid when executed. We are therefore of the opinion that the evidence was sufficient to support the verdict of the jury in the defendant's favor on the alleged contract and execution thereof, and that such finding is a complete defense to the plaintiff's cause of action. Assum-

ing, therefore, as we must from the record that the new trial was granted on the grounds heretofore suggested, the court was in error in holding that the verdict was contrary to law. The order should therefore be reversed.

*By the Court.*—The order appealed from is reversed, and the cause remanded for further proceedings according to law.