JOHN M. FRENCH, Plaintiff in Error,

*vs.*

HAINS F. OWEN, Defendant in Error.

ERROR TO COLUMBIA CIRCUIT COURT.

The mill dam act of 1840 was repealed by the repealing act of January 1, 1850, by
means of which parties interested therein were restored to their common law
rights and remedies.

After the repeal of the act of 1840, in relation to mills and mill dams, the proceed-
ings and remedies thereby provided were abolished and abrogated as well in re-
lation to mills and mill dams erected before, as subsequent to the repeal.

THIS was a proceeding under the mill dam act of 1840. **The**
facts are sufficiently stated in the opinion of the court.

*Ketchum & Harvey*, for the plaintiff in error.

*D. J. Pulling*, for the defendant in error.

*By the Court*, SMITH, J.   This was a proceeding under the
territorial act of 1840, in relation to mills and mill dams, ap-
proved January 13th, 1840, and which was repealed by the state
legislature, January 1st, 1850. .

On the 26th day of December, 1851, Hains F. Owen, the de-
fendant in error, filed in the office of the Circuit Court of Co-
lumbia county, against John M. French, the plaintiff in error, a
complaint, in conformity with the provisions of the act of 1840,
to recover damages occasioned by the flowing of the complain-
ant's lands by means of the erection of a mill dam by the defend-
ant below.

To this complaint the defendant pleaded the general issue,
also accord and satisfaction, and also a license from the com-
plainant.

At the March term, 1855, the case came on for trial, and after the complainant had concluded his evidence, the counsel for the defendant moved the court to nonsuit the plaintiff, on the ground that the statute of 1840, under which this writ is brought, had been repealed, and that, therefore, the court had no jurisdiction of the complaint. This motion was overruled by the court, and the trial proceeded, and the jury returned the following verdict : " That the said defendant is guilty of the premises above laid to his charge, in manner and form as the said complainant hath complained against him, and they assess the damages by reason of the premises, for overflowing the land above described of the said complainants, for the last six years, at forty-eight dollars, and for overflowing the said lands of the said complainant in future, at the rate of ten dollars and fifty cents a year, or the gross sum of one hundred and fifty dollars, at the election of the complainant, over and above his costs and charged by him, &c."

Upon this verdict, in the terms therein expressed, judgment was rendered, to reverse which this writ of error is sued out.

There can be no doubt that this suit or proceeding was insti-tuted, and prosecuted to its final determination, under the provisions of the act of the territorial legislature of 1840, in relation to mills and mill dams, under the supposition that that law remained in force, in respect to mill dams erected prior to its repeal. The ques-tion here presented was ably argued, and thoroughly considered in the case of *Pratt and wife vs. Brown* (3 *Wis.* 603), in which it was held, that the act of 1840 was repealed by the Revised Statutes of 1850, and that the parties were thereby restored to their common law rights and remedies. It was held in that case, that the repealing statute did not preserve the remedies provided by the act of 1840. We see no reason to alter or modify the conclusions to which we then arrived. It is clear that the remedy here sought to be enforced, is the statutory remedy of 1840, and cannot be sustained.

It was, indeed, said on the argument, that the complaint con-tained all the essential averments of a common law declaration

in trespass, wanting only in form, and that the plea of the general issue was in due form, and sufficient to sustain the judgment. Whether this be so or not, it is obvious that the verdict is one on which no court of common law could render a judgment in a common law action. It is sufficient to refer to the case of *Pratt and wife vs. Brown*, and the authorities there cited, to relieve us from any further remarks.

Judgment of the court below is reversed, and the cause remanded for further proceedings, according to law.