## WALLER VS. McCONNELL.

Where a complaint for damages under the Mill Dam Law does not show, and it is not proved at the trial, that the stream obstructed by defendant's dam is "not navigable," the plaintiff cannot recover. So *held* in a case where the objection was taken at the trial.

APPEAL from the Circuit Court for *Waukesha* County.

Action to recover damages for the flowage of plaintiff's land, caused by the maintenance of a mill dam across the Oconomowoc creek, the outlet of Okauchee lake in said county. The premises flowed are described as "about twenty-eight acres on lots Nos. 4 and 5 in sec. 30 in the town of Merton," &c. The complaint demands damages for the three years immediately preceding the commencement of the action, and a verdict assessing the annual and gross compensation for future flowage, in accordance with ch. 56, R. S. The answer, after a general denial, alleges that the court has no jurisdiction of the subject of the action; that the proceeding is unauthorized; that the complaint does not state a cause of action. When the cause was called for trial, and after the jury had been called, the defendant objected to the impanneling of said jury on the grounds, 1st. That the issue of law made by the pleadings was still pending and undetermined by the court. 2d. That a jury could not be impanneled as in ordinary cases; but when the cause was ready for trial a *venire* should be issued for a jury for the special purpose, which should view the premises and report their verdict to the court as contemplated in sec. 11 of the Mill Dam Act. These objections were overruled, and the jury impanneled. After the plaintiff's evidence was closed, the defendant moved for a nonsuit, on the ground, among others, that it did not appear from the complaint or the evidence that the dam was maintained on a stream not navigable. Motion denied. After the evidence for the defense was all in, the defendant requested the following instructions, which were refused: "1. If the premises were flowed by de-

fendant's dam while the United States or the state of Wisconsin owned them, and the plaintiff purchased them while so flowed, and the water has not been raised, the plaintiff cannot recover. 2. If the jury cannot find from the testimony the original line made by the government surveyor's meandering the lake adjoining plaintiff's land, they must find for the defendant." The court gave the jury the following instructions, which were excepted to by the defendant: "1. The fact that plaintiff's land was flowed when he took a patent from the government, does not prevent him from recovering damages caused by the erection of the dam. 2. The owner of a fractional lot bordering upon a meandered stream or body of water, takes to the edge of the actual boundary of the stream or lake. 3. The defendant acquired no right in the lands by flowing it while owned by the general government."·

Verdict for the plaintiff, assessing his damages for three years, and also the annual gross compensation for future flowage, and finding the location of defendant's, dam, and also "that the quantity of plaintiff's land overflowed by said dam amounts to sixteen acres." The defendant moved for a new trial, on the ground of erroneous rulings made and instructions given, and also for the following reasons : "1. The jury have not assessed the damages from the commencement of this proceeding to the date of their verdict, as the statute requires. 2. The jury do not find the height to which the water may be raised or the dam maintained in consideration of the payment of the annual or gross compensation. 3. The verdict does not give any particular description of the sixteen acres flowed, so that the defendant may know what land he has a right to, flow." Motion denied ; and judgment upon the verdict; from which the defendant appealed.

*E. Hurlburt*, for appellant. [No brief on file.]

*D. W. Small*, for respondent.

*By the Court*, Dixon, C. J. This is an action under the

Mill Dam Law (R. S., ch. 56), to recover and settle the damages of the plaintiff for lands flowed by the defendant's dam. The Mill Dam Law is applicable in terms only to streams "not navigable." The complaint does not state a case within the law. It is not averred, nor was it proved on the trial, that the stream is "not navigable;" and as we cannot take judicial notice that it is not, the judgment must for this reason be reversed. We discover no other error in the proceedings.

Judgment reversed, and cause remanded for further proceedings according to law.