## KEARNS VS. THOMAS and others.

MILL-DAM ACT. (1, 2) *Appeals in causes under, how determined.* (3) *Effect of verdict.* (4, 5) *Trial of issue as to injury to land, with other issues, not error when objection not made.*

1. So much of sec. 12, ch. 56, R. S. (the mill-dam act), as provides that in a proceeding under that chapter, on appeal to the supreme court from a judgment of the circuit court, "the cause shall be there heard and determined as it ought to have been in the circuit court," would probably require this court to call a jury, if it had power to do so, and try the case *de novo;* that being the method of procedure in Massachusetts, from which the statute was taken.

2. But under the constitution of this state (art. vii, sec. 3), this court cannot call a jury in any case removed to it; and therefore causes arising under the mill-dam act, when brought to this court, are determined *on exceptions,* like other legal actions brought here by appeal or writ of error.

3. The verdict in such an action has the same effect as in other actions at law; and the judgment of the trial court, rendered in accordance with such verdict, will not be reversed merely because this court may think the verdict contrary to the weight of evidence.

4. In this action for flowage of plaintiff's land by defendants' dam, the answer (in violation of sec. 8. of the act) denied that the land in question was injured by the dam; and that issue and all the other issues in the case were tried together by the same jury; and the verdict for defendants may have been based wholly upon a finding that the land

was not so injured. It appeared, however, that all the proceedings were had *without objection* made by plaintiff. *Held*, that if the trial of all the issues by a single jury would otherwise have been fatal error (a question not here determined), that objection was *waived*, and cannot be raised for the first time on appeal.

5. Where there has been no mistrial, and the pleadings are sufficient (or may be made so by authorized amendment), and there is some testimony to support the verdict, and no exceptions were taken at the trial, an order refusing a new trial, or a judgment rendered on the verdict after making such an order, will not be reversed.

APPEAL from the Circuit Court for *Sauk* County.

Since 1866 the plaintiff has been the owner of certain lands in Sauk county, adjoining the Baraboo river, and the defendants are the owners of a mill dam across said river, located several miles below such lands. The water power created by the dam is used to propel the mills of the defendants there situated.

This is an action or proceeding under ch. 56, R. S., known as "the mill-dam act." The complaint (which is in the usual form) avers that such dam raises and sets back the water in the river and flows the plaintiff's lands, and claims compensation therefor. The answer of the defendants contains a general denial, and also a specific denial that the dam causes the water to flow the lands of the plaintiff or in any way damages the same; and alleges "that they and their grantors have maintained the dam continuously from the year 1846 down to the present time, at the same height, and flowed the same lands thereby from the first continually to the present time, and to no greater extent whatever."

The trial in the circuit court resulted in a verdict for the defendants. A motion for a new trial was overruled, and judgment in accordance with the verdict was entered against the plaintiff for costs. The only exception found in the whole record was taken to the order refusing to set aside the verdict and grant a new trial. The plaintiff appeals from the judgment.

*John Barker* and *Wm. Brown*, for appellant, to the point that

under sec. 8, ch. 56, R. S. 1858, the defendants are prohibited from alleging in their answer that the land is not injured by the dam, and that the court erred in submitting that issue to the jury, cited R. S. of Mass., ch. 116; *Charles v. Porter*, 10 Met., 37; *Nutting v. Page*, 4 Gray, 581; *Wilmarth v. Knight*, 7 id., 294; *Axtell v. Coombs*, 4 Greenl., 322; *Prescott v. Curtis*, 42 Me., 70; *Cowell v. Great Falls Manf'g Co.*, 6 Greenl., 282; *Nelson v. Butterfield*, 21 Me., 230.

*C. C. Remington*, for respondents.

LYON, J. It is claimed on behalf of the plaintiff, that sec. 12 of the "mill-dam act" (R. S., ch. 56) gives the plaintiff a right to a trial *de, novo* at the bar of this court, or at least that it makes it our duty to review the evidence contained in the bill of exceptions, and to determine its weight and effect, in the same manner and to the same extent as in equity causes and in actions tried by the circuit court without a jury, brought to this court by appeal. That section is as follows: "Either party may appeal to the supreme court from the judgment of the circuit court, and the cause shall be there heard and determined as it ought to have been in the circuit court, except that if the judgment of the supreme court in such case shall be in favor of the complainant, the case shall be remanded to the circuit court, who shall proceed therein in like manner as if such judgment had been rendered in that court."

The question as to whether the lands of the plaintiff were injured by the dam was litigated on the trial, as was also the amount of damages. On the argument it was claimed that this was done in violation of secs. 8 and 11 of the same act, which are as follows: "Sec. 8. The respondent may in his answer deny that the complainant has any interest in the land alleged to be flowed or injured, or allege that the respondent has a right to maintain his dam for an agreed price, or without any compensation, or any other matter which may show that the complainant cannot maintain the action, but he shall not in his answer deny that

the land therein described is not injured by such dam. Sec. 11. If the issue is decided in favor of the complainant, or if the owner or occupant of the mill or dam shall, after due notice, neglect to appear, or shall be defaulted, or if there be no answer, and no other legal objection to the proceeding, the court shall, without any further pleadings in the case, issue a *venire* for a jury to hear and determine the matter of the complaint."

With some slight changes of phraseology, not affecting this case, our mill-dam act is a transcript of the Massachusetts statute on the same subject. R. S. of Mass. of 1836, ch. 116. It will be seen, on comparison of the two statutes, that two sections found in the latter, relating to the summoning of a sheriff's jury to assess damages, and the practice before such jury, are omitted from our statute.

When the mill-dam law of this state was first enacted (Laws of 1840, no. 48, p. 65), the practice in Massachusetts under ch. 116, *supra*, was briefly as follows: The issues made by the pleadings were first tried in the court of common pleas, like other issues of fact, but the question whether the lands of the complainant were injured by the dam of the respondent could not then be tried, for that issue was excluded from the pleadings by sec. 8 of the act. From the judgment of the common pleas an appeal could be taken to the supreme court, and, on appeal, a jury was called in the appellate court, and the issue was there tried *de novo*. If the judgment of the supreme court was for the complainant, the cause was remanded to the common pleas, and, without further pleadings, the latter court thereupon issued a warrant to the sheriff or other proper officer, requiring him to summon a jury to hear and determine the matter of the complaint. The same practice prevailed where the judgment of the common pleas was for the complainant, and no appeal taken therefrom. The functions of the sheriff's jury were, to determine whether the lands of the complainant were injured by the respondent's dam ; and, if so, to assess past damages therefor ; to regulate the height to which the water might be raised,

and the length of time, or period, in each year it might be kept up in future; and to assess the compensation, annual and in gross, which the respondent should pay therefor. No issue was triable before the sheriff's jury, which could have been tried at the bar of the common pleas. *Lowell v. Spring*, 6 Mass., 398; *Charles v. Porter*, 10 Met., 37; *Nutting v. Page*, 4 Gray, 581; *Wilmarth v. Knight*, 7 id., 294.

During the argument of this appeal, the court (after consultation) stated to counsel that, inasmuch as the laws of this state provide no methods or processes for calling a jury in this court for a retrial of the issues, it is impossible to follow the practice established in Massachusetts, and hence that the case must necessarily be governed by the general statute of appeals. Subsequent examination has confirmed us in the opinion that the view then taken is correct. Indeed, sec. 2, art. VII of the constitution, expressly ordains that "in no case removed to the supreme court shall a trial by jury be allowed."

It is very evident that, in the endeavor to adopt the principle of the Massachusetts statute, its form was too closely followed by the legislature, and that sufficient care was not taken to adapt the statute to our judicial system. Hence it is that we find in the statute a provision which, were any lawful means to that end at our command, would probably require us to call a jury and try the case *de novo* in this court. The impossibility of doing so under any laws ever in force in this state is doubtless the reason why the courts and bar of the state have, from the first, wholly disregarded the provisions of sec. 12 under consideration. All of the cases brought under the mill-dam act which have been determined by this court, from *Newcomb v. Smith* (2 Pin., 131, 1 Chand., 71), down to the present time, have been determined on exceptions, precisely as all other legal actions brought here by appeal or writ of error have been and are determined. Indeed *Newcomb v. Smith*, and other early cases of the same kind, were brought to this court by writs of error, and no objection to that method appears to have been made. See

*Brower v. Merrill,* 3 Chand., 46 ; *French v. Owens,* 5 Wis., 112. But the question remains, whether the verdict in an action like this has the effect of a verdict in an ordinary legal action, which, if supported by testimony, cannot be disturbed on appeal ; or whether, although the verdict be so supported, we may, under sec. 12, set it aside, if we think the preponderance of evidence is against it.

Such an action is a substitute for the common law action on the case to recover damages for the injury to the lands flowed, and, in proper cases, to obtain an abatement of the dam which causes the injury ; and it has the essential elements of a common law action. From what has been said, it is quite apparent that the legislature did not intend by sec. 12 of the act to place the action on the footing of a suit in equity, in respect to the power of this court to review the evidence. If any legislative intent can be imputed, it is that the action, on appeal, should be tried *de novo.* We must hold, therefore, that the rules which govern in common law actions must control in cases under the mill-dam act brought here by appeal, and hence, that this judgment cannot be reversed merely because we may think the weight of evidence is against the verdict.

In the present case there is testimony tending to prove the prescriptive right alleged in the answer, and also that the lands of the plaintiff are not injured by the dam. It will serve no useful purpose to set out such testimony at length. These facts and the views above expressed dispose of the objection that the verdict is against the weight of evidence.

But it is claimed that there was a mistrial of the action, because the questions whether the lands of the plaintiff were injured by the dam, and of damages, were submitted to the same jury to which the other issues in the action were submitted. The practice which prevails in Massachusetts, of trying those questions before a sheriff's jury, has never prevailed in this state, but the statute which is supposed to prescribe that practice has been, we believe, entirely disregarded in this state

by the courts and the bar.    Indeed, it is not within the knowl-
edge of either of the present members of this court that it has
been pursued or claimed in a single case.    In *Waller v. McCon-
nell,* 19 Wis., 417, which was an action under the mill-dam law,
the answer was a general denial; and when the cause was called
for trial in the circuit court, the defendant objected "that a
jury could not be impaneled as in ordinary cases, but, when
the cause was ready for trial, a *venire* should be issued for a jury
for the special purpose, which should view the premises and
report their verdict to the court, as contemplated in sec. 11 of
the mill-dam act."    The objection was overruled, and the trial
proceeded in the usual manner, and resulted in a verdict for the
plaintiff.    It does not appear that the above objection was
argued in this court, and there is no special reference to it in the
opinion, which was prepared by Chief Justice DIXON.    The
judgment of the circuit court was reversed on the sole ground
that it was neither alleged in the complaint nor proved on the
trial that the stream across which the dam was erected was not
navigable, the chief justice merely remarking that the court
discovered no other error in the proceedings.    The case is not
valuable as an authority on the question before us, because it was
not there claimed that two juries were necessary, and because
it does not appear that the subject of the correct practice under
sec. 11 was argued, or much, if at all, considered by the court.

But we do not find it necessary to determine the question on
this appeal, and do not think it advisable to do so.    It is true,
the answer denies that the plaintiff's land was injured by the
dam, which is clearly a violation of the provisions of sec. 8 ;
and that issue, and all of the issues in the case, were litigated
before, and submitted to, the same jury, contrary to the Massa-
chusetts practice.    It is also true that the verdict may have
been based entirely upon a finding that the land was not so in-
jured.    The fact remains, however, that all the proceedings
were had without objection on behalf of the plaintiff, either to
the answer or proofs, or to the charge of the court submitting

The Northwestern Mut. Life Ins. Co. vs. The Park Hotel Co. and others.

all those matters to the determination of the jury. Now, were it conceded that two juries are provided for by the act, and that the trial of all the issues before one jury would have been an error fatal to the judgment, had due objection thereto been made, we should still be of the opinion that the plaintiff's failure to claim her rights in the premises is a waiver thereof. All matters necessary to be determined by a jury could as well be determined by one jury as by two juries; and, having been thus determined, with the implied consent of the plaintiff, there was no mistrial, and no error of which she can be heard to complain.    On this subject, see generally 3 Graham & Waterman on New Trials, 1197, and cases there cited.

The foregoing remarks dispose of the case; for it is well settled that if there has not been a mistrial, if the pleadings are sufficient, or may be made so by authorized amendment, if there is some testimony to support the verdict, and no exceptions were taken on the trial, the judgment on the verdict will not be reversed because the court refused a new trial, nor will the order refusing a new trial, if the appeal be from such order, be reversed under such circumstances. *Laville v. Lucas*, 13 Wis., 617; *Paine v. Roberts*, 29 id., 642.    See also *Van Doran v. Armstrong*, 28 id., 236.

Finding all those conditions of a valid judgment in the record before us, we must affirm the judgment of the circuit court.

*By the Court.* — Judgment affirmed.