John R. Davis Lumber Co. vs. Home Ins. Co. of New York and another.

equity against his principal to subject the estate of the latter to the payment of the debt, in exoneration of the surety. 2 Beach, Mod. Eq. Jur. § 903; 3 Pomeroy, Eq. Jur. § 1417; Willard, Eq. Jur. 110; *United N. J. R. & C. Co. v. Long Dock Co.* 38 N. J. Eq. 142; *Beaver v. Beaver,* 23 Pa. St. 167; *Gibbs v. Mennard,* 6 Paige, 258; *Warner v. Beardsley,* 8 Wend. 194; 7 Am. & Eng. Ency. of Law, 486, cases in note.

*By the Court.*— The judgment of the circuit court for Douglas county is affirmed.

---

JOHN R. DAVIS LUMBER COMPANY, Respondent, vs. HOME INSURANCE COMPANY OF NEW YORK and another, Appellants.

*January 15 — April 7, 1897.*

*Insurance: Agent's authority: Demurrer for misjoinder of actions: Submission of special questions to jury.*

1. The objection that the complaint misjoins causes of action which do not "affect all the parties to the action" can, under sec. 2649, R. S., be raised only by a demurrer on that ground, and if not so raised it is waived. Neither a general demurrer on the ground that the complaint fails to state a cause of action, nor a demurrer *ore tenus* at the trial, is sufficient for that purpose.

[2. The question of the validity of ch. 235, Laws of 1893, allowing the joinder of independent causes of action, not decided.]

3. If policies of insurance have been delivered to the insured without prepayment of the premiums, and credit given therefor, they must be held to be in force, subject to the right of the insurer to cancel them by notice.

4. There is no presumption that an agent to procure insurance policies has authority, after he has procured and delivered them to the insured, to receive notice of cancellation and to surrender and discharge the same, but in an action on such policies that is a question for the jury.

5. In submitting questions of fact to the jury, it is sufficient that the questions proposed by a party are fairly submitted in substance, though changed in form.

John R. Davis Lumber Co. vs. Home Ins. Co. of New York and another.

APPEALS from judgments of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

The action is on two policies of fire insurance — one each — issued by the two defendant corporations upon the plaintiff's property at Phillips, Wisconsin. The two insurance companies were joined in the action, as defendants, under ch. 235, Laws of 1893. The plaintiff had large mills, factories, and other buildings, and large quantities of lumber, on which it carried a large amount of insurance. One E. H. Winchester was for several years carrying on a large insurance business at Phillips. He was the local agent for a large number of insurance companies. He was not the agent of the defendant companies. He had been employed largely by the plaintiff to procure insurance on its property. In order to procure the amount of insurance desired by the plaintiff, Winchester applied to Messrs. Sunderland & Ostrander, agents for the defendant companies at Superior, Wisconsin, and procured from them the policies on which this action is based. The action of their agents in issuing the policies was unsatisfactory to the home offices, and they were ordered to cancel the policies. June 15, 1894, Winchester went to the plaintiff's office, and, in the absence of plaintiff's officers, procured the policies from the plaintiff's bookkeeper, and returned them to Sunderland & Ostrander. He says that he told the bookkeeper that the policies were wanted for the purpose of cancellation. But this the bookkeeper denies. By the policies, there was reserved the right to cancel them on five days' notice. Before the expiration of five days, and on June 19, 1894, a fire occurred which destroyed a part of the property mentioned in the policies. At the time of the fire no premiums upon these policies had been paid. The plaintiff had an arrangement with Winchester whereby time was given for the payment of premiums on all its insurance procured from him. Directly after this fire, plaintiff deposited the amount of the premiums on

these policies with Winchester, who forwarded it to Sunderland & Ostrander, who returned it to Winchester.

The principal defense to the action was that the policies had been surrendered and canceled, and were not in force at the time of the loss. At the opening of the trial the defendants moved for a nonsuit on the ground that the complaint did not state a cause of action, and that two causes of action had been improperly joined, and asking for separate trials, all of which was denied. The court proceeded to try both causes of action by one jury, took a special verdict, and rendered a separate judgment against either defendant. At the close of the plaintiff's testimony the defendants again moved a nonsuit, on the ground that the plaintiff had failed to prove the payment of the premiums. This motion was denied. The defendants asked for the submission of several questions, proposed by them, in the special verdict. The court did not submit these proposed questions, but submitted others instead. The special verdict was as follows: " (1) Was E. H. Winchester in June, 1894, the agent of the plaintiff to receive notice of cancellation of insurance policies held by the plaintiff? Answer. No. (2) Was E. H. Winchester in June, 1894, the agent of the plaintiff to surrender for cancellation policies of the plaintiff, and waive the right of the plaintiff that the policies should remain in force for five days after the notice of the cancellation? Answer. No. (3) Did the plaintiff on the 16th day of June, 1894, voluntarily surrender the policy numbered 786 issued to it by the *Home Insurance Company of New York,* for cancellation, and waive its right to have said policy remain in force five days after notice of cancellation? Answer. No. (4) If the court should be of the opinion that the plaintiff is entitled to recover, at what sum do you assess his damages? Answered by direction of the court, as to the *Home Insurance Company,* $1,187." The verdict in each case was the same, except as to the amount of recovery. A

John R. Davis Lumber Co. vs. Home Ins. Co. of New York and another.

several judgment was rendered against each defendant, from which they severally appeal.

For the appellant the *Union Assurance Co.* there were briefs by *Haring & Frost* with *E. W. Frost*, of counsel; and for the appellant the *Home Insurance Co.* there was a brief by *Barbers & Beglinger*; and the cause was argued orally by *E. W. Frost* and *Charles Barber*. They argued, *inter alia*, that the defendants were joined as such in violation of their constitutional rights, and that ch. 235, Laws of 1893, was unconstitutional, in that it compelled trials together of several issues, even though the defenses were so unlike that justice required them to be tried separately. *Norval v. Rice*, 2 Wis. 22; *May v. M. & M. R. Co.* 3 id. 219; *Haskins v. Wilson*, 5 id. 106; *Gaston v. Babcock*, 6 id. 503; *Stillwell v. Kellogg*, 14 id. 461; *Mead v. Walker*, 17 id. 189; *Connecticut Mut. L. Ins. Co. v. Cross*, 18 id. 109; *Dane Co. v. Dunning*, 20 id. 210; *Crocker v. State*, 60 id. 553; *Jackson v. State*, 81 id. 131; *Klein v. Valerius*, 87 id. 54; *Von Baumbach v. Bade*, 9 id. 559; *Plumer v. Marathon Co.* 46 id. 163; *Whittaker v. Janesville*, 33 id. 76. The policies were forfeited by nonpayment of premiums. *Thompson v. Insurance Co.* 104 U. S. 252, 261; *New York Life Ins. Co. v. Statham*, 93 id. 24; May, Insurance (3d ed.), § 360 F. The agent who procured the policies had authority to cancel and did cancel the same before the loss. *Schauer v. Queen Ins. Co.* 88 Wis. 561; *Hartford F. Ins. Co. v. Reynolds*, 36 Mich. 502; *Mallory v. Ohio Farmers' Ins. Co.* 90 id. 112; *Stone v. Franklin F. Ins. Co.* 105 N. Y. 543; *Buick v. Mechanics' Ins. Co.* 103 Mich. 75; *Standard Oil Co. v. Triumph Ins. Co.* 64 N. Y. 85; *Newark F. Ins. Co. v. Sammons*, 11 Ill. App. 230; *McCartney v. State Ins. Co.* 33 Mo. App. 652. He was expected to supply the places of policies expired or canceled, and the plaintiff ratified his acts by accepting new policies after others had been surrendered by him and canceled. Mechem, Agency, §§ 148, 177; *Paine v. Wilcox*, 16 Wis. 202, 218. The

questions submitted to the jury covered only a part of the controverted issues. *Pratt v. Peck*, 65 Wis. 463, 471; *Kerkhof v. Atlas Paper Co.* 68 Wis. 674.

For the respondent there were briefs by *Phillips & Hicks*, attorneys, and *M. H. Beach* and *Moses Hooper*, of counsel, and oral argument by *M. C. Phillips*, *E. R. Hicks*, and *M. H. Beach*. They contended that ch. 235, Laws of 1893, was a reasonable and valid exercise of legislative power. The recital in the policies of the payment of premiums was *prima facie* evidence of that fact, and cast the burden of proof of non-payment upon the defendants. Credit given by the insurance agent was equivalent to payment. *Whiting v. Miss. V. M. Mut. Ins. Co.* 76 Wis. 592, 598; *Scheufler v. Grand Lodge A. O. U. W.* 45 Minn. 256; *Elmer v. Mut. Ben. L. Asso.* 19 N. Y. Supp. 289; Ostrander, Fire Ins. § 87. The insurance agent had no authority to act for the insured in the matter of surrendering and canceling the policies. He took them without authority. *Body v. Hartford F. Ins. Co.* 63 Wis. 157. When he had procured the policies his authority ceased. *Hermann v. Niagara Ins. Co.* 100 N. Y. 411; *White v. Connecticut F. Ins. Co.* 120 Mass. 230; *Indiana Ins. Co. v. Hartwell*, 100 Ind. 566; *Broadwater v. Lyon F. Ins. Co.* 34 Minn. 465; *Quong Tue Sing v. Anglo-Nev. Ass. Corp.* 86 Cal. 566; *Grace v. Am. Cent. Ins. Co.* 109 U. S. 278; *Mut. Ass. Soc. v. Scottish U. & N. Ins. Co.* 84 Va. 116. He received his entire compensation from the insurance companies, and was their agent. *Schomer v. Hekla F. Ins. Co.* 50 Wis. 575; *Knox v. Lycoming F. Ins. Co.* id. 671; *Alkan v. N. H. Ins. Co.* 53 id. 136; Ostrander, Fire Ins. 156. The objection as to misjoinder of causes of action, not being taken by demurrer, was waived. *Cary v. Wheeler*, 14 Wis. 281, and cases cited.

The following opinion was filed February 2, 1897:

NEWMAN, J. The first error alleged is the denial of the defendants' first motion for a nonsuit, and compelling a joint

trial. This motion was based on the claim that there was a misjoinder of causes of action and of parties defendant. It is clear that, aside from the provisions of ch. 235, Laws of 1893, it is not permissible to join in one complaint causes of action which do not " affect all the parties to the action." R. S. sec. 2647. It is manifest that neither of the causes of action stated in the complaint affects both defendants. Neither defendant is affected, even in a slight degree, by the cause of action stated against the other. So, but for the statute referred to, the objection must be sustained, if properly taken. But the only permissible way to raise the objection is by a demurrer to the complaint on that ground. R. S. secs. 2649, 2654. It cannot be raised by a general demurrer on the ground that the complaint fails to state a cause of action. Nor by a demurrer *ore tenus*, or objection at the trial. *Nevil v. Clifford*, 55 Wis. 161. It is waived if not taken by demurrer on that ground. Having been once waived, the right to object on that ground is gone forever. It can neither be recovered nor revived. So the right to join the two independent causes of action does not at all depend on the validity of ch. 235, Laws of 1893. The defendants have consented. The validity of that act is not involved in this appeal.

The second error alleged is the denial of the defendants' motion for a nonsuit at the close of the plaintiff's testimony. This is upon the ground that the plaintiff had not proved that the premiums had been paid. Receipt of the premiums was acknowledged in the policies themselves. The defendants had set up as a specific defense the failure to pay the premiums. No doubt, the recital of the payment of the premiums, in the policies, was *prima facie* evidence that they had been paid. *Whiting v. Miss. V. M. M. Ins. Co.* 76 Wis. 592. The answers admit the execution and delivery of the policies, and seek to avoid them by the affirmative defense of a want of consideration. No doubt, the burden of

proving this defense is upon the defendant.   If the premiums had not been in fact paid, yet, as the policies had been delivered to the plaintiff without prepayment, and credit given, they must be held to be in force, subject to the right of the defendants to cancel them by actual notice to the plaintiff, or to an agent authorized to receive it.   Whether Winchester was such an agent, so that notice to him was notice to the plaintiff, was the leading question litigated on the trial, and there was, no doubt, sufficient testimony to require this question to go to the jury.   But the payment, or otherwise, of the premiums was not the test of the liability of the defendants.   The policies had been actually delivered to the plaintiff, and by that fact a credit given.   The defendants could cancel them immediately, on the ground of nonpayment of premiums, only by giving actual notice to the plaintiff, or to an agent who was authorized to receive it.   For cancellation on other grounds the policy provided for a notice of five days.   Whether Winchester was such an agent as had power to bind the plaintiff by accepting notice of cancellation depends upon the terms and conditions of his employment.   And there is no presumption that authority remains in the agent, who is not also a general agent to place and manage insurance on his principal's property, after he has procured and delivered the policy,— to surrender or discharge it.   *Hermann v. Niagara F. Ins. Co.* 100 N. Y. 411; *Karelsen v. Sun Fire Office*, 122 N. Y. 545; *Wilber v. Williamsburgh C. F. Ins. Co.* 122 N. Y. 439.   It was no case for a nonsuit.   Here was a question for the jury.

As stated, the principal contention in the trial court, as here, was over the question whether Winchester had power, by reason of his employment, to bind the plaintiff by his acceptance of notice of the cancellation of the policies, or by his surrender of them for cancellation, under the circumstances shown by the testimony.   The extent and scope of his au-

thority was in dispute. The facts did not raise a conclusive implication of such authority. If he could bind the plaintiff by accepting notice of cancellation, or by surrendering the policies, it is undisputed that this was done before the fire. In that case the policies had ceased to be in force before the fire. If he had no such power, the policies were still in force at the time of the fire. So this was the turning point of the controversy. The real scope and extent of his employment was a controverted issue of fact for the jury. It was the office of the special verdict to submit to the jury, by proper questions, this issue of fact. It was the office of the court to answer the questions of law which should arise on the facts found by the jury.

The defendants claim that the issues of fact were not submitted to the jury fairly. This is on the ground, mainly, that certain questions which the defendants asked to have submitted to the jury were not submitted in the form requested. No doubt, the defendants were entitled to have this issue submitted to the jury, in substance, as they requested. The *form* in which it shall be submitted is very much in the discretion of the trial court. On this main issue the questions proposed by the defendants and those submitted by the court differ so little in substance that it is a matter of considerable nicety to discriminate between them. The questions submitted seem to have all the substance of the questions proposed, and to differ from them very little except in mere form. A more specific objection is that the court submitted questions of law to the jury. And it is true that the questions submitted involved matters of mixed law and fact. It is not always possible to state questions of fact so cleanly as that they shall involve no implication of law. Indeed, the questions proposed by the defendants have the same infirmity, to an equal, perhaps greater, degree. One of them is this: " Did the business arrangement between the plaintiff and Winchester authorize Winchester

to receive notice of cancellation of policies for plaintiff?" That seems to be a question of law seriously complicated with the facts. The special verdict fairly submitted this controversy to the jury, and the verdict is fairly supported by the evidence.

The defendants complain that their special instructions were not given. A careful perusal of the charge shows that, so far as they were applicable, the substance of all these requests to charge were given in the general charge, fully and clearly, upon all points bearing on this contention, leaving little, if anything, to be desired.

*By the Court.*— The judgment of the circuit court is affirmed on both appeals.

A motion for a rehearing was denied April 7, 1897.