BERNDT, Respondent, vs. CITY OF CUDAHY, Appellant.

*January 11—February 1, 1910.*

*Highways: Injury from defect: Inaccurate notice: Intent to mislead, etc.: Questions for jury: Special verdict.*

1. The questions whether a notice of injury, given under sec. 1339, Stats. (1898), which inaccurately described the defect in the highway, was intended to mislead and whether it did actually mislead the defendant, are ordinarily for the jury.

2. Evidence in this case showing, among other things, that the erroneous description resulted from the failure of plaintiff's attorney to understand his client, with whom he could communicate only through an interpreter, established the fact that there was no intent to mislead; and other evidence was sufficient to sustain a finding by the jury that defendant was not in fact misled.

3. Where the special verdict fully covers all the issues properly for the jury, the refusal to submit other questions was not error.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

Action for personal injuries resulting to the plaintiff by being thrown from a wagon upon an alleged defective highway

in the defendant city March 21, 1905. The action was tried before a jury and a special verdict rendered finding: (1) The highway was not reasonably safe for public travel for persons with teams, exercising ordinary care. (2) The defendant had notice of the insufficiency, so that in the exercise of reasonable diligence it might have remedied it before the plaintiff's injury. (3) The unsafe condition of the highway was the proximate cause of plaintiff's injury. (4) He was not under the influence of intoxicants at the time. (5) He was not guilty of contributory negligence. (6) Defendant was not misled by the notice of injury served. (7) Plaintiff's damages were $2,500. Upon motion the trial court ordered a new trial unless plaintiff remitted $1,000 of the damages, which being done judgment was rendered for the plaintiff for $1,500 and costs, and defendant appeals.

*F. X. Boden,* for the appellant.

For the respondent there was a brief by *Carroll & Carroll,* and oral argument by *Geo. J. Carroll.*

WINSLOW, C. J. The principal, and really the only serious, error claimed by the defendant is that the notice of injury given by the plaintiff to the defendant, under sec. 1339, Stats. (1898), was fatally defective, in that it described the defect in the highway into which the plaintiff's wagon ran as an excavation which had been so negligently and loosely refilled that the surface gave way and the wheel of plaintiff's wagon suddenly sank down therein to a great depth; while the complaint and proofs showed the defect, if any, to have been a hole in the highway filled with mud and water, into which the wheel of defendant's wagon plunged. It was admitted that the notice in all other respects was sufficient.

The statute (sec. 1339, Stats. 1898) provides that the notice shall not be held insufficient solely because of any inaccuracy or failure in properly describing the place or the insufficiency or want of repair, provided it appear that there

was no intention on the part of the injured party to mislead the other party and that such other party was not in fact misled. Generally speaking, the question whether such intent to mislead existed, as well as the question whether the defendant was in fact misled, are both questions for the jury. In the present case the cause of the erroneous description in the notice was very fully explained in the evidence, and it appeared without dispute that it resulted from a failure on the part of the plaintiff's counsel to understand his client, who talked only German and could communicate with his counsel only through an interpreter, and the evidence was plenary that there was no intention to misstate the facts in the notice. The jury would not have been justified under the evidence in finding such an intention. The trial judge submitted the question as to actual misleading to the jury, and it was answered in the negative.

It is argued that the evidence showed conclusively that the town officers were misled, but we cannot agree with this contention. There was evidence that the street commissioner of the city was at the place and saw the hole four days before the accident, that a piece of board was stuck in the hole soon after the accident, and was there standing in a slanting position for two weeks thereafter and at the time when the city committee went to examine the place after receiving the notice of injury. While there was also evidence that the committee saw no hole on this occasion, the evidence above stated was sufficient to entitle the jury to find that the defendant was not misled.

Complaint is made because certain questions proposed by the defendant were not submitted to the jury in the special verdict, but we find it unnecessary to specifically consider these questions, for the reason that the verdict as framed fully covers all the issues of fact properly for the jury.

We do not find it necessary to consider any other contentions except the contention that the damages, even after being

cut down by the trial judge, are excessive. .We should have been better pleased had the damages been further reduced, but the trial judge had long experience at the bar and is well fitted to form a just estimate of the damages suffered. In deference to his opinion, which was evidently arrived at after mature thought and care, we do not feel justified in reducing them further.

*By the Court.*—Judgment affirmed.