MILWAUKEE TRUST COMPANY, Respondent, vs. CITY OF MIL-
WAUKEE, Appellant.

*November 1—November 19, 1912.*

*Municipal corporations: Streets: Change of grade: Measure of dam-
ages: Special verdict: Unnecessary question: Evidence: Instruc-
tions to jury: Appeal: Harmless errors: When verdict set aside.*

1. The true measure of damages to abutting property for a change
   in the grade of a street is the difference in the market value of
   the property immediately before and immediately after such
   change.
2. The submission to the jury of an improper question relating to a
   mere evidentiary fact is not a material error if, without such
   question, there is a complete special verdict.. The answer to
   such surplus question may be disregarded.
3. In an action involving assessment of damages for a change in
   the grade of a street, evidence relating to the loss of rentals
   and to the cost of restoration is proper as bearing on the ques-
   tion of depreciation, but neither can be made an independent
   ground of recovery.
4. The evidence as to the cost of restoration should be confined to
   a time at or about the date of the assessment.

5. Error in admitting evidence of the cost of restoration four years afterward was not prejudicial where questions as to the market value before and after the change of grade were properly submitted and answered in the special verdict and such answers were supported by other competent and sufficient evidence; even though, in answer to another question, improperly submitted, the jury found the cost of restoration to be precisely the same amount as the difference in the market value.

6. In all inquiries relating to value, where there is no known, regular, and continuous market, such as exists in the exchanges or such as exists generally for consumption goods, a wide range of investigation is permitted and the rules governing the admission of evidence are liberal.

7. In an action involving assessment of damages for a change in the grade of a street, it would have been proper to instruct the jury to the effect that the testimony of witnesses who measured distances and made memoranda thereof at the time, if otherwise credible, is of greater weight than the evidence of witnesses who merely give their recollection based on estimates of such distances; but the refusal to give such an instruction is not ground for a reversal where the evidence related to a matter not directly in issue, but forming one of the bases for the estimates of value or of damages made by the witnesses, and those estimates also rested upon actual inspection of the property.

8. Upon appeal it is not sufficient ground for setting aside a verdict that it is against the weight of evidence, where there is some credible evidence to support it and it does not appear to be perverse.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Daniel W. Hoan,* city attorney, and *Clifton Williams,* special assistant city attorney, and oral argument by *Mr. Williams.*

For the respondent there was a brief by *Flanders, Bottum, Fawsett & Bottum,* and oral argument by *Charles E. Monroe.*

TIMLIN, J. This is an action which originated in an assessment of damages for change of grade made by the board of public works of the city of *Milwaukee* in 1904. The ac-

VOL. 151—15

tion is therefore in substance and effect an assessment of damages.    Upon appeal from that tribunal to the circuit court there was a special verdict as follows:

"(1) What was the reasonable market value of plaintiff's property immediately before the grading of the street in front thereof?    A. $3,000.

"(2) What was the reasonable market value of plaintiff's property immediately after the street in front thereof was filled to the newly established grade?    A. $2,133.06.

"(3) What was the reasonable cost of putting plaintiff's property in substantially the same condition relative to the newly established grade, as it was in before such change of grade?    A. $866.94."

The respondent had judgment for the last named sum and costs and the city appeals to this court.    Of appellant's assignments of error, 1, 2, 3, 4, 7, and 8 relate directly or indirectly to the matter covered by question 3 of the special verdict, and remotely, if at all, to questions 1 and 2, namely, error in admitting evidence of loss of rentals; in refusing to strike out evidence of cost of raising house at a period four years after the assessment; in submitting question 3 to the jury; in refusing to submit question as to the necessity of raising houses and refusing to instruct the jury so as to exclude loss of rentals; in refusing to instruct that because of said defect in the evidence of cost of restoration question 3 should be answered "nothing."    But question 3 of the special verdict was improper and the verdict is complete without it. It relates to an item of evidence and should not have been submitted.    The true measure of damages was the difference in value as established by questions 1 and 2.    This damage might exceed or fall short of or be identical with the cost found by the answer to question 3.    Evidence relating to the loss of rentals after the assessment might have some bearing on the question of depreciation, but was not and could not be put forward as an independent ground of recovery.    Evidence of the reasonable cost of putting the property in sub-

stantially the same condition relative to the new grade as it was in relative to the former grade is also competent as bearing upon the ultimate inquiry and true measure of damages. This cost should be estimated as of a time at or about the date of the assessment, otherwise it loses its value as evidence, because the cost of labor and material may not be the same four years later as it was at the time of the assessment.

While the court erred in refusing to strike out such evidence we are not convinced that the error was prejudicial in a case like this, in which there was other and direct evidence of the difference between the reasonable market value before and after the change of grade. Omitting question 3, we have a complete special verdict upon the question of damages. The surplus question 3, relating to an item of evidence, may be disregarded. The tendency of a special verdict is not always to promote reversals. In many cases it has the contrary effect. For illustrations: The erroneous admission of evidence bearing upon a question of the verdict found in appellant's favor and having no bearing upon questions found against appellant cannot be considered prejudicial. *Lehman v. C., St. P., M. & O. R. Co.* 140 Wis. 497, 504, 122 N. W. 1059. An erroneous admission of evidence irrelevant to the issues finally submitted to the jury is not prejudicial. *Samson v. Ward,* 147 Wis. 48, 50, 132 N. W. 629. If the special verdict in some reasonable form covers all the material issues, other immaterial answers, or answers that do not cover distinct issues, will not be considered reversible errors. *Twentieth Century Co. v. Quilling,* 136 Wis. 481, 485, 117 N. W. 1007. The appellant cannot complain of questions submitted differing in form but not in substance from those requested by him. *Redepenning v. Rock,* 136 Wis. 372, 379, 117 N. W. 805. Where the special verdict covers all the issues it is not reversible error to refuse to submit other questions requested. *Berndt v. Cudahy,* 141 Wis. 457, 459, 124 N. W. 511; *Anderson v. Sparks,* 142 Wis. 398,

405, 125 N. W. 925.   A judgment will not be reversed for an error in submitting one question of the special verdict if the remainder of the verdict supports the judgment.   *Johnson v. C. & N. W. R. Co.* 64 Wis. 425, 25 N. W. 223.   Substance, not form, is considered.   *John R. Davis L. Co. v. Home Ins. Co.* 95 Wis. 542, 70 N. W. 59; *Curran v. A. H. Stange Co.* 98 Wis. 598, 74 N. W. 377.   So, instructions which are erroneous as to one of the issues submitted by a question of the special verdict are not ground for reversal if other questions fixing the liability of appellant on another ground were properly submitted.   *Kortendick v. Waterford,* 142 Wis. 413, 417, 125 N. W. 945.   So, also, errors in rulings upon certain questions of the special verdict become immaterial or nonprejudicial if there is no error upon the trial of other issues which determine the liability of appellant and are submitted by separate questions of the verdict.   So, also, where one question of a special verdict is defective but the subject intended to be covered thereby is properly covered by other questions in such verdict which were found against the appellant, the submission of the defective question will not warrant reversal.   *Brown v. Milwaukee E. R. & L. Co.* 148 Wis. 98, 133 N. W. 589.   These illustrations might be greatly extended by a more critical and comprehensive study of the decisions of this court.

It is contended that in the instant case the jury found the damages by subtracting from the former market value of the property in question the amount of the cost of restoration fixed by their answer to question 3, and this is inferred from identity in amount of cost of restoration and amount of difference in value.   It is quite conceivable, however, that the jury was convinced from other competent evidence before it that the depreciation in value was exactly equal to the cost of restoration.   The jury might have arrived at the difference between the first and second answers by cutting down the estimates of respondent's witness to an amount exactly equal

to the cost of restoration four years later, if they did not accept such cost as in any wise controlling, but took it merely as an arbitrary figure that corresponded quite closely with what they considered a fair discount upon the testimony of respondent's witness relative to the difference in market value before and after the change of grade. It does not appear to us affirmatively that the jury here committed an error which was prejudicial to appellant. The answers to questions 1 and 2 involved the ascertainment of what is called, for want of a better name, "market value" before and after the grading. The word "value" stands for one of the most difficult and elusive mental concepts, and the ascertainment of what is called market value, in a case where there is no open market recording numerous transactions of sale or barter and responding automatically to the relative quantities of demand and supply, is still more difficult. For this reason courts have adopted as the equivalent of market value "what the property is worth or will sell for as between one who wants to purchase and one who wants to sell." *Esch v. C., M. & St. P. R. Co.* 72 Wis. 229, 231, 39 N. W. 129; 5 Words & Phrases, 4383 to 4388 and cases. These attempts at definition disclose the difficult and comprehensive nature of the inquiry. *Maxon v. Gates,* 136 Wis. 270, 290, 116 N. W. 758.

For these reasons, in all inquiries relating to value where there is no known, regular, and continuous market such as exists in the exchanges or such as exists generally for consumption goods, a wide range of investigation is permitted, and the rules governing the admission of evidence are liberal, especially where the damages are submitted in the form of a special verdict properly covering the correct measure of damages. *Andrews v. Youmans,* 82 Wis. 81, 52 N. W. 23; *Allen v. C. & N. W. R. Co.* 145 Wis. 263, 129 N. W. 1094; *Stolze v. Manitowoc T. Co.* 100 Wis. 208, 75 N. W. 987; *Moore v. C., M. & St. P. R. Co.* 78 Wis. 120, 47 N. W. 273.

If in the instant case we were to grant technical error in the several assignments, such errors would have no further effect than to destroy, impair, or render improper the third question and answer of such verdict. The same observation applies to the alleged error in refusing to charge the jury to the effect that question 3 of the verdict should be answered "nothing." Give it that answer now or strike it out entirely and the judgment rests supported by the answers to questions 1 and 2.

It is further contended that there was error in refusing to instruct the jury, at the request of appellant's counsel, that in determining where the clear preponderance of the evidence is they were not to exclude or disregard the direct, positive evidence of witnesses who made measurements as to certain facts in dispute in this case, and so disregarding such evidence find the fact to be in accordance with the testimony of witnesses who, without making such measurements, merely estimate or give their judgment of the same, as the testimony of witnesses who have measured distances and made memoranda of such measurements at the time of taking, if otherwise credible, is of greater weight than the evidence of witnesses who merely give their recollection based on estimates of such distances. This instruction was proper and might well have been given. *Koepke v. Milwaukee,* 112 Wis. 475, 88 N. W. 238; *Wanta v. Milwaukee E. R. & L. Co.* 148 Wis. 295, 134 N. W. 133. We are not convinced that its refusal injuriously affected the appellant. The instruction related to a matter not directly in issue, but forming one of the bases for the estimates of value or of damages made by the witnesses. These estimates also rested upon actual inspection of the property by the witnesses. In such case, while it would have been better to give the instruction, we cannot say in an inquiry of value that it was prejudicial error to refuse it.

The fifth and sixth errors assigned refer to requests for instructions which might properly have been allowed. But their refusal was not prejudicial error. It is contended in

support of the ninth assignment of error that the verdict is against the weight of evidence, and in support of the tenth assignment of error that it is perverse. It is not sufficient ground for setting aside the verdict of a jury in this court that it is against the weight of evidence, and we find no perversity in it.

There appears to be in this record some credible evidence to sustain the verdict, and although we might not reach the same result on the evidence as did the jury, we cannot under such circumstances, where the trial court has denied a motion for a new trial, interfere with the verdict. *Laville v. Lucas,* 13 Wis. 617; *Smith v. Wallace,* 25 Wis. 55; *Kearns v. Thomas,* 37 Wis. 118; *Kaufer v. Walsh,* 88 Wis. 63, 59 N. W. 460; *Janssen v. Lammers,* 29 Wis. 88; *Dorwin v. Hagerty,* 137 Wis. 161, 164, 118 N. W. 799. The circuit court in granting or refusing a new trial, it is needless to say, acts upon a different rule.

*By the Court.*—The judgment of the circuit court is affirmed.