Hinton, Respondent, vs. Coleman and another, Administrators, Appellants.

*February 25 — March 18, 1890.*

*(1, 2) New trial: Consideration of evidence: Waiver. (3, 4) Agency: Purchase of land: Disloyalty: Recovery of compensation. (5) Reversal of judgment: Disregard of instructions by jury. (6) Notice of appeal.*

1. A motion for a new trial "upon the record, proceedings, and minutes of the judge" is no more nor less than a motion upon the minutes of the judge under sec. 2878, R. S. If the hearing thereon

is by consent continued beyond the term, it becomes a motion founded upon the record, and the evidence, if not made a part of the record by a bill of exceptions, cannot be considered.

2. But if, on such hearing, the evidence is before the court and considered by it without objection, the objection that it was not then a part of the record is waived.

3. An intimation by a real-estate broker to the owner of land as to the amount his employer might be induced to pay therefor, if made in good faith for the purpose of obtaining a reduction in the price, is not such an act of disloyalty as will defeat a recovery for his services, where it does not appear that the employer had told him how much he would pay, and the land could not have been obtained for less than the amount suggested.

4. Nor will such recovery be defeated by the fact that the broker, who had obtained an option for the purchase of the land at the lowest price which the owner would accept, when such option was about to expire solicited other persons to purchase thereunder in case his employer did not.

5. Where a verdict is plainly justified by the evidence, the judgment thereon will not be reversed because the jury disregarded erroneous instructions.

[6. Whether a notice stating that the defendants *will* appeal from a judgment is an effectual notice of appeal, not determined.]

APPEAL from the Superior Court of *Milwaukee* County.

The plaintiff, a real-estate broker in the city of Milwaukee, brought this action in the Milwaukee county court, against William W. Coleman, to recover compensation for services as such broker, alleged to have been rendered by him for said Coleman in 1875, in negotiating a purchase of certain real estate of one Jermain. The complaint alleges that he negotiated such purchase for the price of $20,000, and the defendant accepted a conveyance of the property at that price. The plaintiff demands judgment, *quantum meruit*, for $600, as his reasonable commissions on such purchase.

The answer denies that said Coleman employed plaintiff to make the purchase, except he told plaintiff that he would pay $18,000 for the property, and that plaintiff might have

the difference between that sum and the purchase price, if he could get the property for less. The alleged value of the plaintiff's services is also denied.

The action was commenced in July, 1876, and tried in 1877, and the plaintiff recovered judgment. Such judgment was appealed to this court, and reversed, in 1878. 45 Wis. 165.

The action was retried in September, 1879, and the plaintiff had a verdict. At the same term of the court a motion for a new trial was made by Coleman, founded on "the record, proceedings, and minutes of the judge." No proceedings were thereafter had on this motion or in the action for nearly ten years, except that, Coleman having died in 1888, the action was revived and continued against the administrators of his estate. In August, 1889, by consent of parties, the motion for a new trial was argued in the superior court (which had theretofore succeeded to the jurisdiction of the county court) before Judge NOYES, who denied the same September 7 in that year. Judgment was thereupon entered upon the verdict of 1879. The defendants appeal therefrom. A bill of exceptions was settled and filed after the appeal was taken.

*E. Mariner*, for the appellants.

For the respondent there was a brief by *Quarles, Spence & Quarles*, and oral argument by *T. W. Spence*.

LYON, J.   1. The practice pursued in this case is somewhat peculiar. The last verdict therein was rendered in September, 1879, and a motion for a new trial made immediately thereafter, founded upon "the records, proceedings, and minutes of the judge." This is no more nor less than a motion on the minutes of the judge, under sec. 2878, R. S., for on such a motion all the proceedings in the case, whether of record or not, are before the court for its consideration. The case rested in this position for nearly ten

years, except it was revived and continued against the administrators of the estate of Coleman; he having died in 1888. Under the above section, the motion would have expired with the term of the court at which it was made, had not the plaintiff consented to perpetuate its existence. After the close of such term, it became, by reason of such consent, a motion for a new trial founded upon the record. When it was heard before Judge NOYES in August, 1889, no bill of exceptions had been settled; and hence the testimony was then no part of the record, and, strictly, could not have been properly resorted to in aid of the motion. Yet the opinion of Judge NOYES, on denying the motion, shows he had the testimony before him substantially as it was afterwards incorporated in the bill of exceptions. It was said in argument that the draft of the bill of exceptions, which was afterwards lost, was before him, and was used by both counsel, without objection, on the argument of the motion. Nothing of this appears in the record. Neither does any objection by plaintiff appear therein to anything which transpired on such argument. In this condition of the record, we think it should be held that the plaintiff consented that Judge NOYES might, on such motion, review the testimony, in whatever shape it was presented to him, and hence that he waived the objection now urged,— that the same was not then matter of record. That a party may effectually make such a waiver was held in *Jones v. Evans*, 28 Wis. 168, and *Carroll v. More*, 30 Wis. 574. The testimony contained in the bill of exceptions is therefore properly before us for consideration on the merits of this appeal.

2. The testimony tends to show that Coleman employed the plaintiff to negotiate with Jermain for the purchase of certain real estate, without naming any specific price he was willing to pay for it, and plaintiff thereupon had several interviews with Jermain on the subject of such pur-

chase; that Jermain asked $25,000 for the property, but was induced by plaintiff to give him an option for three or four days to purchase the same at $20,000, which was the lowest price for which Jermain would sell to any one, and $5,000 less than he ever offered to sell the property for to any other person; that, to induce Jermain to reduce the price and give such option, the plaintiff (as Jermain testified) "rather intimated to me that he might get in the neighborhood of $20,000 from Mr. Coleman;" that Coleman did not decline to pay $20,000, but manifested great reluctance to do so, claiming the price was too high, and the negotiations remained in that condition until the day before the option should expire; that plaintiff then became suspicious that Coleman would not purchase, and, being anxious to find a purchaser under his option, and thus make his commissions on the sale, he solicited three other persons to purchase the property at the option price in case Coleman should finally decline to do so, but always maintained to such persons that Coleman should have the first right to purchase; that plaintiff told Coleman there were other parties trying to purchase the property, but did not tell Jermain that he solicited others to purchase it if Coleman did not; and that Coleman finally purchased the same for $20,000, after personal negotiation with Jermain.

The evidence would have supported a special verdict finding those facts. Indeed, the most of them, including those concerning the price for which the property might have been obtained, the intimation as to what sum Coleman might probably be induced to pay for it, and the statements of plaintiff to the three persons whom he solicited to purchase it if Coleman did not, is practically undisputed.

It is claimed that the above acts of the plaintiff are conclusive evidence of disloyalty to the interests of his employer, and defeat his right of action for commissions. It is said that the intimation by plaintiff to Jermain as to

what might be obtained from Coleman for the property was an unjustifiable surrender of the employer's secret by his agent, which tended to keep the price up to the figure named, and probably compelled Coleman to pay more for the property than he otherwise would. Doubtless such a remark might, under some circumstances, be justly subject to such criticism, as it would have been in this case were there any reason to believe that but for such remark Jermain would have sold the property for a lower price. But the evidence fails entirely to show that Coleman had at that time told plaintiff how much he was willing to pay for the property. So the plaintiff betrayed no secret of his employer. The testimony shows quite satisfactorily, however, that the property could not have been obtained for less than $20,000. Moreover, there is nothing in the testimony which tends to show any bad faith on the part of the plaintiff in making the remark in question. He may have erred in judgment as to the propriety of making it, but, having made it in perfect good faith and with the single purpose of obtaining a reduction of the price, it should not defeat a recovery by plaintiff for his services, although an error of judgment of that kind might render the plaintiff's services less valuable and reduce his recovery therefor.

As to plaintiff's solicitations to others to purchase the property under his option if Coleman did not, we discover in them no disloyalty to his employer, and we find no testimony tending to show that Coleman was injured thereby. When the plaintiff had obtained an option for the property at the lowest price for which Jermain would sell it, and the option was about expiring, with but little indication on the part of Coleman that he would purchase the property, it was not evidence of bad faith to Coleman for plaintiff to seek another purchaser under his option provided Coleman did not buy the property. It in no manner interfered with

Coleman, and did not injure him, since he obtained the property at the option price. The law holds an agent to the obligation of loyalty to his employer in the matter of his agency, and if he fails in that he may not recover for his services. But there must be bad faith on his part to produce such a result. If he honestly err in judgment to the injury of his employer, he may or may not be liable to respond therefor in damages, or to a reduction of his compensation as such agent, but he does not thereby forfeit his contract for at least some compensation.

The answer of Coleman contains no averments of fact showing a forfeiture by plaintiff of his right to recover compensation for his services, and that question was not brought into the case by the pleadings. The testimony bearing upon the question was mostly given by the plaintiff on cross-examination. It was not objected to, and doubtless was proper cross-examination, since, as before stated, it may have affected the amount of plaintiff's recovery.

Several instructions were proposed on behalf of Coleman to the effect that if plaintiff informed Jermain or intimated to him what Coleman might be induced to pay for the property, or if he induced others to negotiate for its purchase, he could not recover for his services. All these instructions were given to the jury as the law of the case. No objection was made on behalf of Coleman against bringing into the case this issue outside the pleadings, nor exception taken to any of such instructions. For the purposes of this appeal, therefore, the question of disloyalty must be held to be in the case, although it would probably have been held otherwise had timely objection been made thereto.

The instructions thus proposed and given are quite lengthy, and it is deemed unnecessary to state them in detail. It is sufficient to say that in some of them the jury were instructed that if they found certain facts proved they must find for the defendant, while the facts thus hypothet-

ically stated were established by the uncontradicted evidence. If the instructions were proper, the plaintiff should have been nonsuited, or a verdict for the defendant directed. But no motion for a nonsuit or that such verdict be directed was made. It is one of the peculiarities of this case that up to this point in the trial not a single exception was taken by either party.

The instructions thus given at the instance of the defendant are all erroneous, in that they fail to notice the circumstances under which the plaintiff made such intimation to Jermain and under which he solicited other purchasers, and ignore the questions whether the plaintiff acted in good faith in those particulars, and whether he might have obtained the option at a lower price. But we cannot set aside these instructions solely for such errors and defects therein, because the plaintiff did not except thereto, and hence is in no position to invoke the rule that exceptions of a respondent in an appeal are available to save his judgment. Had judgment gone against him, and were he the appellant, no other error intervening, the judgment would necessarily be affirmed.

After the above instructions were given the court delivered a general charge to the jury, and the defendant interposed two exceptions to a single paragraph therein. These are the only exceptions in the case. The paragraph thus excepted to is as follows: " If you find the facts, in your examination of the case, to fully carry out the proposition of law embraced within the instructions as I have given them to you, then you will find for the defendant. If, however, in the examination of this case, gentlemen of the jury, you find the facts to be different from those upon which these propositions of law are based; if you find that the plaintiff was employed by the defendant, and that he did his whole duty as the agent of the defendant in effecting the purchase of this property for the defendant, and

that he has not been guilty of any of the acts or things which are contained in the instructions which I have just given you,— then the plaintiff is entitled to recover in this case such sum as you may think he is entitled to for the services which he rendered." The above paragraph contains the substance of the general charge to the jury, or at least all of it necessary to be here stated. Although the first sentence of the paragraph (covered by one of the exceptions) may be open to a verbal criticism, the paragraph, considered as a whole, is in harmony with the instructions which had theretofore been given, and the defendants cannot be heard to complain of it. The errors therein are in their favor.

It is plain that the jury disregarded the instructions of the court when they returned a verdict for the plaintiff. It is equally plain that the instructions were erroneous, and that the verdict was justified by the evidence. We are aware of no law which demands or justifies the reversal of a judgment entered upon a correct verdict, although against the erroneous instructions of the court. Certainly, no sound reason has been suggested for a reversal in such a case. Had no instructions been given, and had the jury returned the same verdict, it could not properly be disturbed. We are unable to perceive why the plaintiff should be in any better situation in the case supposed than he is in the present case, in which erroneous instructions were given.

3. There is another peculiarity in this case, affecting the validity of the appeal, which, though not mentioned in the arguments, should not be passed without comment. The notice of appeal is that the defendants *will* appeal from the judgment, etc. It is very doubtful whether this is an effectual notice of appeal. But, as the point has not been made by counsel, and as we think the judgment should be affirmed on the merits, we do not determine the question of the sufficiency of such notice. To hold it insufficient

would drive the defendants to another appeal, which seems unnecessary.

*By the Court.*— The judgment of the superior court is affirmed.