BAILEY, Appellant, vs. McCormick, Respondent.

*May 25—June 20, 1907.*

*New trial: Continuance of motion over term: Jurisdiction: Waiver: Discretion.*

1. Where a motion for a new trial, seasonably made by defendant, was continued over to the next term by order of the court for the accommodation and with the acquiescence of the plaintiff, the court did not lose jurisdiction of the motion and plaintiff cannot be heard to question the regularity of the proceedings.
2. The granting of a new trial rests largely in the discretion of the trial court.

APPEAL from an order of the circuit court for Sawyer county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

This action was brought to recover for legal services performed by the plaintiff as attorney for defendant in certain taxpayers' actions known as the Craig, Arpin, and Carpenter suits. The defense was that defendant had no interest in the actions except in his capacity as a public officer; payment in full; that the suits were brought to set aside illegal county

orders; that plaintiff had advised the issuing of the orders and the litigation was caused thereby.

The action was tried by the court and a jury and resulted in a verdict for plaintiff, which verdict, on motion of defendant, was set aside and a new trial granted on $50 terms. Defendant tendered the $50 and plaintiff refused to accept it, and has appealed to this court from the order granting a new trial. The errors relied upon for reversal are: (1) That the court was without jurisdiction to grant the new trial. (2) That the granting of a new trial was an abuse of discretion.

The cause was submitted for the appellant on the brief of *W. F. Bailey,* in *pro. per.,* and for the respondent on that of *Wickham & Farr.*

KERWIN, J. 1. Counsel for appellant contends that the court lost jurisdiction of the motion for new trial because not disposed of at the term at which it was made. The action was tried at the June, 1905, term of the circuit court for Sawyer county, and after verdict and at the same term the defendant moved upon the minutes for a new trial. This motion was not disposed of at the June, 1905, term, but it appears from the record that it was continued over the June, 1905, term and until after the beginning of the November, 1905, term of said court, by the order of the court, for the accommodation and with the acquiescence of the plaintiff, and on March 15, 1906, and during the November, 1905, term of said court, the motion was decided by a written order. It also appears from the record that at the day of the opening of the November, 1905, term, being November 20, 1905, the June, 1905, term of the circuit court for Sawyer county was adjourned to June 4, 1906. We think there are two sufficient reasons why the appellant's contention on this point cannot be sustained: First, the court had a right to continue the motion over to the November, 1905, term by stipulation of par-

ties. *Hinton v. Coleman,* 76 Wis. 221, 45 N. W. 26; *Stein-hofel v. C., M. & St. P. R. Co.* 92 Wis. 123, 65 N. W. 852. And, second, it appears that the motion was continued over to the November, 1905, term for the accommodation and with the acquiescence of the plaintiff. Therefore he cannot be heard to question the regularity of the proceedings. *Second Nat. Bank v. Smith,* 118 Wis. 18, 94 N. W. 664; *Larson v. Ross,* 56 Minn. 74, 57 N. W. 323.

2. It is further insisted that the court below abused its discretion in granting a new trial. The granting of a new trial rests largely in the discretion of the trial court. *R. Connor Co. v. Goodwillie,* 120 Wis. 603, 98 N. W. 528; *Eggen v. Fox,* 124 Wis. 534, 102 N. W. 1054; *Godfrey v. Godfrey,* 127 Wis. 47, 106 N. W. 814. Here the new trial was ordered upon terms. The order does not state upon what grounds the new trial was granted. Several grounds are suggested by counsel for respondent, any one of which he claims is sufficient to warrant the court below in granting a new trial. Among other grounds for a new trial the serious one is pressed with much earnestness that the services for which plaintiff recovered were of an unlawful character, and that any contract for the performance of such services was against public policy and void, and that plaintiff is not entitled to recover anything therefor. We are clearly of the opinion that there was no abuse of discretion in granting a new trial, and shall express no opinion upon the merits of the questions discussed by counsel for respondent respecting the plaintiff's right to recover upon the case made.

*By the Court.*—The order of the court below is affirmed.