Gross Coal Company, Respondent, vs. City of Milwaukee, Appellant.

*December 8, 1911—January 9, 1912.*

*Pleading: Sufficiency of complaint: Amendment: Appeal: Review: New trial: Municipal corporations: Streets: Paving: Changing established grade: Presumptions: Official acts.*

1. Even if the trial court erroneously overruled an objection to any evidence under the complaint, that fact does not impair the probative quality of the evidence admitted; and an appellate court should not, by disregarding such evidence, deprive the trial court of its power to permit the complaint to be amended.

2. Upon an appeal from an order granting a new trial the court will not review an order overruling a demurrer *ore tenus.*

3. Evidence that abutting property owners paved a street, with the consent of the city council and of the board of public works and under the supervision of said board and of city engineers, is evidence that the pavement was laid to the established grade, even though all of such acts were without authority of law.

4. The granting of a new trial rests largely in the discretion of the trial court.

APPEAL from an order of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge.  *Dismissed.*

Action to recover for an alleged injury to plaintiff's property on First avenue in the city of *Milwaukee* by reason of a change in the established grade and the erection of a viaduct on said avenue.  The appeal is from an order setting aside a verdict in favor of the defendant and granting a new trial.

For the appellant there was a brief by *Daniel W. Hoan,* city attorney, and *Clifton Williams,* special assistant city attorney, and oral argument by *Mr. Williams.*

For the respondent there was a brief by *Lenicheck, Robinson, Fairchild & Boesel,* and oral argument by *F. J. Lenicheck* and *F. T. Boesel.*

TIMLIN, J.   A new trial in this case was granted on the ground that the verdict was against the weight of evidence. The verdict was for the defendant and it appealed.

One point made by the defendant is that the complaint did not state a cause of action, and there was an objection at the trial to the reception of any evidence thereunder.  This objection, it contends, was erroneously overruled, hence that all the evidence was wrongly received, and for this reason the verdict was not against the weight of evidence, but the circuit court abused its discretion in granting the new trial on that ground because there was not only no weight of evidence but no evidence.  This position has a captivating semblance of

logic and deserves scrutiny. But if it be granted that the
circuit court erred in overruling this objection to the admis-
sion of evidence, still this ruling did not impair the probative
quality of the evidence when admitted. Evidence does not
lose its probative force because it is not backed by pleading.
The pleading is in such case subject to amendment. To cor-
rect the alleged error of the circuit court by now wholly dis-
regarding the evidence would deprive that court of the power
of amendment. To this power the plaintiff has the right to
appeal after it is ascertained by the circuit court or by
this court that the ruling of the circuit court admitting the
evidence was erroneous. An objection in this form is in the
nature of a demurrer to the complaint, and upon appeal from
an order granting a new trial this court will not review an
order overruling a demurrer. *Flanagan v. C. & N. W. R. Co.*
45 Wis. 98; *Jones v. Milwaukee E. R. & L. Co.* 147 Wis.
427, 133 N. W. 636, and cases cited.

On the question of plaintiff's right to recover as for a
change of grade the evidence to show that the street was for-
merly constructed and paved to the established grade is not
wholly lacking. It consists of a showing that after the ordi-
nance of 1888 established the grade a granite block pavement
was ordered by the city authorities and this order was re-
scinded. On November 19, 1888, the board of public works
sent a communication to the common council to the effect
that, upon the request of property owners (abutters), per-
mission was granted them by the board to do the work with
cedar blocks. That the landowners did so and at the same
time paved the crossings and gutters, and for the latter ought
to be reimbursed by the city. The common council took ac-
tion on this communication, apparently recognized this ar-
rangement of the board of public works by allowing these
claims for reimbursement. The witness Steinman, who was
an alderman and an occupying abutter in the street in ques-
tion at that time, describes this cedar block paving and the

action of the abutters under the supervision of the board of public works, and that there were engineers who, he has reason to believe, were members of the city engineer corps to give the grades and stakes, and that a city inspector was there to oversee the work while it was in progress. We think this was evidence that the paving was done under the supervision of the board of public works and therefore at the proper grade. *State ex rel. Willis v. Prince,* 45 Wis. 610. In the nature of things it is pretty difficult for any person who has not tested the work with instruments to say positively that any paving work is up to the lawfully established grade. This fact must be proven by the best competent evidence available to the plaintiff. It is argued that the city authorities had no lawful power to so authorize the property owners and the latter no lawful right to do the work. The statute authorizing this method seems to have been repealed about six years before.

It is further contended that the city engineers had no lawful right to represent the city in this matter and that the city inspector had nothing to do with the grades. Granting all this, it only goes to defeat any claim of estoppel against the city. It does not disable these acts as evidence tending to show that the pavement was laid to the established grade. These are acts from which, with the uncontroverted fact that the paving was done with the consent of the board of public works and the city council, the jury might infer that the paving was put down upon the lawful grade level. There is evidence to the contrary, consisting mostly of measurements made some years before and some years after the paving in question. But the effect of these measurements as evidence is weakened by other evidence showing that the ground in this vicinity was soft and marshy and the street surface liable to sink.

We cannot say that there was no evidence before the jury which might entitle the plaintiff to recover on this ground.

"The granting of a new trial rests largely in the discretion of the trial court." *Bailey v. McCormick,* 132 Wis. 498, 112 N. W. 457, and cases. On the amount of damages the evidence is based upon opinion and quite evenly balanced, the witnesses for plaintiff estimating a depreciation of about $100 per front foot and those for the defendant testifying that there were no damages, rather a benefit to plaintiff by the construction of the improvement. Because the question is not before us, we express no opinion in regard to the sufficiency of the complaint. Finding no reversible error, the appeal from the order granting a new trial should be dismissed.

*By the Court.*—Appeal dismissed.