BAGNALL, Respondent, vs. CITY OF MILWAUKEE, Appellant.

*March 21—April 9, 1914.*

*Municipal corporations: Public improvements: Viaducts: Injury to "abutting property:" Damages, how ascertained: Evidence: Instructions to jury: Interest on damages: Reassessment of benefits and damages: Appeal: Harmless errors.*

1. Ch. 376, Laws of 1901, which provides that "if any damages shall be sustained by the owners of abutting property" by reason of the construction of a viaduct, "such damages shall be ascertained and determined in the manner provided by law for the determination and assessment of damages for the alteration of the grade of a street," entitles the abutting owners to recover such damages regardless of whether or not the construction of the viaduct effects a change in the established grade of a street.

2. The term "abutting property" in said act includes property abutting on the street upon which the viaduct is constructed, in a case where the structure occupies the street on both ·sides of the center, although it does not cover the whole street.

3. In the ascertainment of damages under said act all of the provisions of the city charter relating to the assessment of benefits and damages for the alteration of established grades apply.

4. Evidence having been admitted without objection respecting a sale of property in the vicinity of one parcel in question five years after the completion of the viaduct, the refusal of the trial court to strike it out on defendant's motion was not prejudicial error, especially where the jury found no damages as to such parcel.

5. The questions submitted to the jury being the market value of plaintiff's property immediately before the commencement of the viaduct and immediately after its completion, it was not error to refuse to instruct them to eliminate from their consideration depreciation in market value brought about by diversion of traffic by the viaduct.

6. A requested instruction to the effect that the jury should weigh and offset any benefits to plaintiff's property against the damages was not applicable to the questions submitted and was properly refused.

7. A refusal to instruct on loss of profits was proper where the property was vacant and there was no evidence on the subject of profits.

8. There was no prejudicial error in refusing to instruct the jury that they should exclude from consideration any loss or difficulty of access from plaintiff's property to the street or the viaduct therein.

9. Interest on the damages from the time they accrue up to the time of verdict is a proper element of compensation in actions for injuries to property.

10. Following *Filer & Stowell Co. v. Milwaukee*, 146 Wis. 221, and *Pabst B. Co. v. Milwaukee*, 148 Wis. 582, it is *held* that there was no error in refusing to order a reassessment of benefits and damages under the provisions of secs. 1210d and 1210e, Stats.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

This is one of a series of so-called illegal change-of-grade-viaduct cases growing out of the erection of the Sixth-street First-avenue viaduct in the city of *Milwaukee,* several of which cases have been before this court at various times. *Pabst B. Co. v. Milwaukee,* 148 Wis. 582, 133 N. W. 1112; *Joseph Schlitz B. Co. v. Milwaukee,* 148 Wis. 582, 133 N. W. 1112; *Gross C. Co. v. Milwaukee,* 148 Wis. 72, 134 N. W.

139; *Fred Miller B. Co. v. Milwaukee,* 155 Wis. 81, 143 N. W. 1066.

The appellant classifies the issues involved under three heads: (1) The issue raised by denial of change of grade. (2) That even if the viaduct, constructed as it was like a double deck of a bridge, operated as a change of grade, although the grade of the street was not changed, still there was an issue of liability, because the liability is statutory and depends upon the street having been actually graded to the former established grade, which important fact is denied by the answer. (3) The final issue of the amount of damages, if any.

The jury returned the following verdict:

"(1) What was the reasonable market value of plaintiff's First avenue property immediately before the commencement of the construction of the viaduct in question? *A.* $110.

"(2) What was the reasonable market value of plaintiff's First avenue property immediately after the completion of said viaduct? *A.* $80.

"(3) What was the reasonable market value of plaintiff's East street property immediately before the commencement of the construction of the viaduct in question? *A.* $100.

"(4) What was the reasonable market value of plaintiff's East street property immediately after the completion of said viaduct? *A.* $100."

There were two causes of action set out in the complaint. The property on First avenue, described in the first cause of action, is in block 203 and abuts on the street upon which the viaduct was built. The East street property, described in the second cause of action, is in block 202 and does not abut upon the viaduct street. The jury found no damages to the property on East street which was embraced in the second cause of action.

The appellant assigns various errors involving the issues referred to and some other points raised by rulings on evidence and requests. Judgment was entered upon the verdict in favor of the plaintiff, from which this appeal was taken.

For the appellant there was a brief by *Daniel W. Hoan,* city attorney, and *Clifton Williams,* first assistant city attorney, and oral argument by *Mr. Williams.*

For the respondent there was a brief by *Aarons & Niven* and *Quarles, Spence & Quarles,* attorneys, and *Irving A. Fish,* of counsel, and oral argument by *Mr. C. L. Aarons* and *Mr. Fish.*

KERWIN, J.   The appellant contends that there should have been a nonsuit or a verdict directed for defendant, on the ground that no case was made against it.   It is claimed that no change of an established grade under the city charter was shown, and that the so-called viaduct law, ch. 376, Laws of 1901, does not authorize the recovery of damages where there is no change of grade, and that the viaduct in question does not change the grade within the meaning of the law.

We shall not consider here whether there was a change of an established grade under the provisions of the city charter and cases cited in the statement of facts, because we are convinced that ch. 376, Laws of 1901, entitles abutting owners to damages occasioned by the construction of the viaduct in question regardless of any change of grade other than the construction of the viaduct.

Sec. 2 of ch. 376, Laws of 1901, reads as follows:

"Whenever the common council of such city shall have determined to erect and construct such a viaduct it shall cause to be made a complete profile plan and detailed specifications for the work, with an estimate of the cost thereof, and as soon thereafter as practicable the city may enter upon the construction of said viaduct, bridges, stairways and approaches in conformity thereto, and all provisions of law relative to public work or improvements in said city, which are not inconsistent with the provisions of this act shall apply to the work hereby authorized, and all official acts incidental thereto.   If by the construction of such viaduct in the manner so provided any damages shall be sustained by the owners of abutting property, to the property owned by them, such damage shall be

ascertained and determined in the manner provided by law for the determination and assessment of damages for the alteration of the grade of a street in said city and shall be paid as hereinafter provided."

It will be seen that this statute provides for the assessment of damages in the manner provided for the assessment of damages in case of the alteration of the grade, but it does not make damages dependent upon change of an established grade, provided for in the city charter. *Pabst B. Co. v. Milwaukee,* 148 Wis. 582, 133 N. W. 1112. The construction of a viaduct has a very different effect upon abutting owners than the change of an established grade as ordinarily understood, therefore under the viaduct statute, ch. 376, Laws of 1901, the right to recover damages has not been restricted, but the statute gives the abutting owner the right to recover "any damages" sustained.

Counsel argues that the viaduct does not constitute a change of grade. It is probably not very important whether the viaduct constitutes a change of grade in the ordinary sense of the words, or even under the provisions of the city charter, for the reason that the viaduct statute does not restrict damages in that regard. However this court has ruled that the viaduct in question constituted a change of grade. *Pabst B. Co. v. Milwaukee, supra.* It is argued that the provision as to damages in ch. 376, Laws of 1901, does not apply, because the property in suit is not "abutting" upon the viaduct. Counsel argues that the word "abutting" in the statute means "touching," and cites us to *Hennessy v. Douglas Co.* 99 Wis. 129, 74 N. W. 983; *Northern Pac. R. Co. v. Douglas Co.* 145 Wis. 288, 130 N. W. 246; and *Superior v. L. S. T. & T. R. Co.* 152 Wis. 389, 140 N. W. 26.

In *Northern Pac. R. Co. v. Douglas Co., supra,* it was held that "abutting" the street contemplates the street boundary upon the lot. The main discussion is upon the difference between the words "adjacent" and "abutting" as used in the statute relating to the assessment of special benefits.

In *Superior v. L. S. T. & T. R. Co., supra,* the meaning of the words "adjacent" and "abutting" is considered as used in the statute relating to special assessments for street improvements.

In *Hennessy v. Douglas Co., supra,* this court, in discussing the words "adjacent" and "adjoining," at pages 136 and 137 said: "The distinction between 'adjacent' and 'adjoining' seems to be that the former implies that the two bodies are not widely separated, though they may not actually touch, while 'adjoining' indicates that they are so joined or united that no third body intervenes."

The contention of counsel on this point is that because the viaduct does not occupy the whole street, but leaves a space of some six feet between the side of the structure and the lot line, the property is not abutting property within the meaning of the viaduct statute. In this contention we think counsel is in error. Abutting property manifestly includes property abutting on the street upon which the viaduct is constructed in cases like the present, where the structure occupies the street on both sides of the center although it does not cover the whole street.

While ch. 376, Laws of 1901, gives damages to abutting owners caused by the construction of the viaduct regardless of the city charter provision as to change of grade, it provides that all provisions of law relating to public work or improvements in the city not inconsistent with the provisions of the viaduct statute shall apply to the work of construction of viaducts, therefore the damages caused to abutting lotowners by construction of the viaduct shall be ascertained as prescribed in cases of alteration of street grades, and the provisions of the city charter of the city of *Milwaukee* for assessment of benefits and damages respecting alteration of established grades apply to the instant case. *Pabst B. Co. v. Milwaukee,* 148 Wis. 582, 133 N. W. 1112.

Error is assigned on the admission of evidence respecting a sale of property made in the immediate vicinity of the prop-

erty specified in the second cause of action five years after the completion of the viaduct. The evidence was let in without objection, and afterwards a motion was made to strike it out, which was overruled. Whether this evidence should have been stricken out, we think, rested in the sound discretion of the trial court under all the circumstances of the case. It is quite obvious from the record that the evidence was admitted as touching the value of the property specified in the second cause of action which the jury found was not damaged. We are satisfied that no prejudicial error was committed in refusing to strike it out.

Error is assigned because the court refused to instruct the jury that they should eliminate from their consideration depreciation in market value of the plaintiff's property brought about by diversion of traffic by the viaduct. There was no error in refusing this instruction. The questions submitted were as to market value of the plaintiff's property immediately before the commencement of the construction of the viaduct and immediately after its completion. *Milwaukee T. Co. v. Milwaukee,* 151 Wis. 224, 138 N. W. 707; *Schmidt v. Milwaukee,* 149 Wis. 367, 135 N. W. 883.

Error is assigned because the court refused to instruct the jury as follows:

"In your consideration of questions 2 and 4, I instruct you that you are to include in your deliberation on these questions any benefits that may have been bestowed upon the plaintiff's property by the erection of this viaduct, and that you are to include and offset the said benefits against the damage or depreciation you may find to have been occasioned to the plaintiff's property by the erection of this viaduct, if any; that is, you are to weigh the benefits and the damages the owner sustains, the one against the other."

There was no error in refusing this instruction. It was not applicable to any question submitted and perhaps was properly refused on other grounds which we need not consider.

Error is assigned because the court refused to instruct on loss of profits. There was no error in this refusal. The property was vacant and there was no evidence whatever as to profits.

Error is assigned because of refusal to instruct as to access to the viaduct. We find no prejudicial error in refusing to give this instruction. *Milwaukee T. Co. v. Milwaukee, supra.*

It is also insisted that interest should not have been included in the judgment from January, 1909, about the date of the completion of the viaduct, up to the time of trial. Ordinarily, it is true, interest cannot be allowed upon unliquidated damages. *Tyson v. Milwaukee,* 50 Wis. 78, 5 N. W. 914. It is, however, established by the decisions of this court that interest on damages from the time they accrue up to the time of verdict may be recovered as damages or compensation for the delay occasioned by the defendant's wrong in actions for injuries to property. *J. I. Case P. Works v. Niles & S. Co.* 107 Wis. 9, 82 N. W. 568; *Shaw v. Gilbert,* 111 Wis. 165, 86 N. W. 188; *Darlington v. J. L. Gates L. Co.* 151 Wis. 461, 138 N. W. 72, 139 N. W. 447.

It is also contended that the court should have ordered a reassessment under the provisions of secs. 1210*d* and 1210*e,* Stats. We think this point is ruled against appellant by *Filer & S. Co. v. Milwaukee,* 146 Wis. 221, 131 N. W. 345; *Pabst B. Co. v. Milwaukee,* 148 Wis. 582, 133 N. W. 1112.

In the view we take of the case other assignments of error do not require treatment.

*By the Court.*—The judgment is affirmed.