Voigt, Respondent, vs. Milwaukee County, Appellant.

*October 30—November 17, 1914.*

*Highways: Construction of viaduct: Injury to abutting property: Liability of county: Measure of damages: Special verdict: Deflection of trade or travel: Interest.*

1. Where the construction by Milwaukee county of the viaduct authorized by ch. 444, Laws of 1903, resulted in injury to land abutting upon the highway partially occupied by the viaduct, the landowner had a right, under sec. 1296a, Stats., and sec. 3 of said act of 1903, to recover damages from the county; and such right is not analogous to, nor subject to the same conditions as, the right to recover damages for a change of grade.
2. The measure of damages in such case is the difference between the market value of the property before and its market value after the construction of the viaduct, so far as the diminution in such value is caused by the construction.
3. A special verdict finding market value before and after such construction is *held*, in view of the evidence and instructions, to find the depreciation due to the construction, exclusive of other causes; and a further finding that a certain part of such depreciation was caused by diversion of traffic from the old route to the new does not call for a reduction of the recovery.
4. Although loss of trade by deflection of travel is not in itself a ground of recovery, because of the uncertain and speculative character of such damages, yet where a deflection of travel with consequent loss of existing prospective patronage has ac-

tually diminished the market value of the abutting property, the owner may recover for such diminution.

5. Interest upon the amount of the depreciation of plaintiff's property is recoverable in such case from the time of the loss, *i. e.* from the completion of the viaduct.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

For the appellant there was a brief signed by *Lyman G. Wheeler,* special assistant district attorney, and oral argument by *Mr. Wheeler.* He contended, *inter alia,* that the clause in sec. 3, ch. 444, Laws of 1903, relating to payment of damages out of the county treasury was not inserted to create any new elements of damages, such as consequential damages resulting solely from the presence of the viaduct in its location with reference to the plaintiff's property and its influence upon traffic. The true purpose of the clause in question was to designate the public treasury out of which parties are legally entitled to such elements of damage as were then the proper subject of allowance under existing laws, and which might occur incidental to the preparation and work of construction, such as the falling of construction machinery and material upon private property; the spread of earth fills over the lines of private property (*Harrison v. Milwaukee Co.* 51 Wis. 645, 8 N. W. 731); the maintenance of a nuisance; the draining of a well due to excavations; the backing up of water onto private property; the knocking down or the covering of a fence. See notes to 4 McQuillin, Mun. Corp. § 1968, pp. 4219, 4221; *Harrison v. Milwaukee Co.* 51 Wis. 645, 653, 654, 8 N. W. 731.

For the respondent there was a brief by *Edward Voigt* and *Lenicheck, Robinson, Fairchild & Boesel,* and oral argument by *E. T. Fairchild* and *F. T. Boesel.*

TIMLIN, J. The respondent owned five lots abutting on the south side of a highway a short distance west of the city

of Milwaukee, the highway extending east and west. Some of these lots were improved by buildings and filling and upon one was a retail liquor saloon. This highway extended across a deep ravine and was filled up by an embankment so that the surface of the highway was about on a level with the floor of the second story of respondent's saloon building. The county under authority of ch. 444, Laws of 1903, undertook to build and did build a concrete viaduct more than 2,000 feet in length spanning said ravine, about forty feet higher than the former embankment, and the south half of this viaduct, at a point opposite respondent's lots, rested upon and occupied the north half of said highway. The remainder of said viaduct rested upon a strip of land acquired by the appellant for that purpose lying north of and parallel with the said highway at the point in question. No part of this concrete viaduct rests on plaintiff's land or on the south half of said highway, but at the top of the viaduct the parapet overhangs the center and south half of the old highway some inches. Sec. 1296a, Stats., provides that the owners of any real estate abutting on any highway shall have a common right in the free and unobstructed use of such highway to the extent of its full width, and no town, city, county, company, or corporation shall close up, use, or obstruct any such highway, or any part thereof, so as to materially interfere with its usefulness as a highway or so as to injure or damage property abutting thereon on either side without making due compensation for any damage resulting therefrom to the owners of property upon both sides of the part of such highway so closed up, used, or obstructed. While this statute was in force, ch. 444, Laws of 1903, authorizing the building of the viaduct in question, provided (in sec. 3) as follows:

"If by constructing said viaduct in the manner aforesaid, any damages be sustained by any person or persons, to his or their property, then and in such cases the damages so sustained shall be paid out of the treasury of the county."

In the face of these express statutes we are not justified in resorting to any real or fancied analogies between the act of raising the grade of a street and the act of building a viaduct along part of a street as in *Colclough v. Milwaukee,* 92 Wis. 182, 65 N. W. 1039. The right to recover damages for change of grade is statutory and conditional. The right here asserted rests upon statute, it is true, but is subject to no such conditions. That is too much like looking afar off for what is near at hand. All assignments of error resting upon the failure or neglect of the trial court to pursue or apply such analogies are overruled without further comment.

By a special verdict the jury found that the reasonable market value of the plaintiff's property immediately prior to the construction of the viaduct was $15,000, and that market value immediately after the construction and opening to travel of the viaduct was $7,500. By a third question the jury found that $3,700 of this depreciation was caused by the diversion of traffic from the old route to the new, that is from the old highway to and over the new viaduct. The measure of damages is the difference between the market value of the property before the construction of the viaduct in question and the market value of the property after the construction of the viaduct, so far as the diminution in market value is caused by the construction. The verdict is somewhat incomplete because it finds the market value before and after the act complained of, which might include market conditions affecting property generally. But the testimony and instructions were directed to depreciation in market value caused by the construction of this viaduct. No other question was requested, and the verdict must be interpreted to find depreciation in market value from this cause exclusive of other possible causes. The interpretation should be liberal in support of the judgment. The third finding, covering the amount of this depreciation caused by deflection of trade or travel, is not harmful and does not impeach the verdict.

Loss of trade by deflection of travel is not in itself a ground of recovery. That is because of the uncertain and speculative character of such damages. Where a deflection of travel with consequent loss of existing prospective patronage has actually diminished the market value of abutting property so that a buyer would not pay so much for the property as he would in its former advantageous location, the damage becomes more certain, and the injured party recovers not for his loss of trade but for the diminution in market value of his property so located in the estimation of the buyers who make the market. *Bagnall v. Milwaukee,* 156 Wis. 642, 146 N. W. 791; *Milwaukee T. Co. v. Milwaukee,* 151 Wis. 224, 138 N. W. 707.

There was no error in adding to the amount of depreciation of plaintiff's property interest from the time of such loss, to wit, the completion of the viaduct. *Bagnall v. Milwaukee, supra.* *Tyson v. Milwaukee,* 50 Wis. 78, 5 N. W. 914, must be considered limited by subsequent cases in this court, such as *Laycock v. Parker,* 103 Wis. 161, 79 N. W. 327; *J. I. Case P. Works v. Niles & Scott Co.* 107 Wis. 9, 82 N. W. 568; *McCall Co. v. Icks,* 107 Wis. 232, 83 N. W. 300. Plaintiff not only suffered this loss in property value, but also lost so much of the value of the use during that time.

*By the Court.*—Judgment affirmed.