GROSS COAL COMPANY, Respondent, vs. CITY OF MILWAU-
KEE, Appellant.

*December 4, 1919—January 13, 1920.*

*Eminent domain: Action for damages: Trespass: Failure to pro-
vide for assessment of damages: New trial: Concurring ver-
dict of successive juries: Discretion of court.*

1. Though, under sec. 12, ch. VII, of the Milwaukee city charter,
   made applicable by sec. 2, ch. 376, Laws 1901, relating to
   construction of viaducts, an appeal is provided from an as-
   sessment of damages and benefits, a landowner is not thereby
   deprived of an action for damages sustained by the construc-
   tion of a viaduct where the city made no provision for the
   ascertainment of such damages and benefits.
2. While a trial court may properly, and undoubtedly should, set
   aside a second concurring verdict of a jury with greater re-
   luctance than in the first instance, his discretionary power
   is still existent, the jury system being the common-law sys-
   tem and there being no statute changing such discretion.

APPEAL from an order of the circuit court for Milwau-
kee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

This action is brought to recover damages alleged to have
been sustained by the plaintiff as the owner in fee simple
of a certain piece of property in the city of *Milwaukee,* with
531 feet frontage on First avenue, by reason of the con-
struction by defendant of a viaduct on First avenue in front
of these premises.

The viaduct was constructed under the provisions of ch.
376, Laws 1901, which provided by sec. 2 thereof as fol-
lows:

"Section 2. Whenever the common council of such city
shall have determined to erect and construct such a viaduct
it shall cause to be made a complete profile plan and detailed
specifications for the work, with an estimate of the cost
thereof, and as soon thereafter as practicable the city may
enter upon the construction of said viaduct, bridges, stair-
ways and approaches in conformity thereto, and all provi-
sions of law relative to public work or improvements in said
city, which are not inconsistent with the provisions of this

act shall apply to the work hereby authorized, and all official acts incidental thereto. *If by the construction of such viaduct in the manner so provided any damages shall be sustained by the owners of abutting property, to the property owned by them, such damage shall be ascertained and determined in the manner provided by law for the determination and assessment of damages for the alteration of the grade of a street in said city and shall be paid as hereinafter provided.*"

The complaint contained the following:

"14. The plaintiff further alleges that the said city of *Milwaukee* proceeded to make the said change and alteration of said grade and to construct the said viaduct without having previously made any assessment of damages resulting to the plaintiff from said change of grade and from the construction of said viaduct, and without having made any provision for the ascertainment and payment of any damages to the plaintiff."

The answer contained the following:

"16. .Further answering, the defendant admits that the construction of the viaduct along First avenue was made without having previously made any assessment of damages and without having made any provision for the ascertainment and payment of any damages to any persons owning property fronting on and along said First avenue at the place where said viaduct was erected."

In the first trial a general verdict in favor of defendant was rendered.' That verdict was set aside by the late Judge Tarrant and a new trial granted, which ruling was affirmed by this court. 148 Wis. 72, 134 N. W. 139.

On the second trial the jury found by their special verdict now before us that the fair market value of plaintiff's property was not depreciated by the construction of the viaduct. The trial court denied defendant's motion for judgment upon the verdict and ordered that such answer of the jury be set aside and a new trial granted upon the ground that the said verdict is against the clear preponderance of

the evidence and the justice of the case. From such order the defendant has appealed.

For the appellant there was a brief by *Clifton Williams,* city attorney, *John M. Niven,* first assistant city attorney, and *Mark A. Kline, Chas. W. Babcock, Walter J. Mattison, Jos. L. Bednarek,* and *Raymond F. Jaekels,* assistant city attorneys; and the cause was argued orally by *Mr. Williams.*

For the respondent there was a brief by *Lenicheck, Boesel, Story & Wickhem* of Milwaukee, and oral argument by *F. J. Lenicheck* and *F. T. Boesel.*

ESCHWEILER, J.    The appellant insists that the order of the circuit court should be reversed upon two grounds: (1) that no such action at law can be maintained by plaintiff and that its sole remedy is under sec. 12, ch. VII, of the charter of the city of *Milwaukee* by way of appeal from any assessment of benefits and damages; (2) that in absence of misconduct of counsel or error by the court and with a second jury arriving at the same conclusion as did a first, there no longer exists any discretionary power in the trial court to set aside such verdict or grant a new trial.

Action by the city authorities to have ascertained and determined the damages, if any, to abutting property owners by reason of the erection of such structure under ch. 376, Laws 1901, is a condition precedent to any insistence by the city that such abutting owner must resort to the exclusive remedy provided in the city charter of *Milwaukee* in the form of appeal from such an award by reason of alleged inadequate or disallowance of any damages.

Defendant admits entering upon and completing the construction of such viaduct, having had no such determination made. It having itself failed to furnish the necessary and proper foundation upon which plaintiff could sustain an appeal under the city charter, it cannot now insist that

an abutting* property owner who claims damage to his property by reason of the action of the city in so constructing the viaduct must be relegated to the limbo of remediless wrongs.

On the disposition of this case on the former appeal (148 Wis. 72, 134 N. W. 139), the right of the plaintiff to recover upon the one ground of an alleged change of the established grade of First avenue was disposed of, undoubtedly because much discussed in the briefs, but the right to maintain the action against the city as a trespasser because it did the work without a precedent ascertainment and determination of possible damages was not mentioned in the opinion.    Such claim, however, was in the complaint as quoted above as it stood in both trials.

That the city failing of such condition precedent gave an injured abutting property owner a cause of action in tort for his damages by reason of the trespass committed by the erection of this identical viaduct in such unlawful manner, was squarely held in the case of *Pabst B. Co. v. Milwaukee,* 148 Wis. 582, 591, 133 N. W. 1112, argued at the same time as was the former appeal herein but decided subsequent thereto.

Other cases arising out of the construction of this same viaduct, but for property on the west side thereof, were decided the same way: *Fred Miller B. Co. v. Milwaukee,* 155 Wis. 81, 143 N. W. 1066; *Bagnall v. Milwaukee,* 156 Wis. 642, 146 N. W. 791.

The same view was taken of a similar statute under which a viaduct was built by the county of Milwaukee. *Voigt v. Milwaukee Co.* 158 Wis. 666, 149 N. W. 392.

Defendant contends that seven new points or defenses appeared on this second trial that were not in the evidence on the first trial.    We have considered them.    They do not, in our judgment, determine this case in defendant's favor.

A carefully prepared tabulation and comparison of the testimony of the opposing witnesses as to the resultant

damages or benefits to this property on the two trials has also been presented. It demonstrates that the second jury had practically the same field of evidence as did the first in which to wander astray, assuming that the first jury erred. This court has held on the former appeal that the first trial judge did not err in holding that the first jury did.

We take the same view now, and hold that it was within the field of reasonable discretion by the trial court, upon the evidence in this case, to either uphold or set aside the verdict.

Many decisions are cited to the proposition involved in the second of the above stated questions raised by defendant. Many such may be found in 29 Cyc. 729. Some of the decisions holding to a strict limitation as to this discretionary power of a trial judge are upon statutory provisions so limiting the power. The legislature here has not made any such regulation.

We take the jury system as we received it from the common law. *Norval v. Rice,* 2 Wis. 22, 29. There it was under the superintending power of the trial court. *Capital T. Co. v. Hof,* 174 U. S. 1, 13, 19 Sup. Ct. 580; *Simmons v. Fish,* 210 Mass. 563, 565, 97 N. E. 102.

Though a trial court may properly, and undoubtedly should, set aside a second concurring verdict of a jury with greater reluctance than in the first instance, his discretionary power is still there. *Ladwig v. Supreme Assembly E. F. U.* 125 Minn. 72, 145 N. W. 798.

Though the doctrine of *stare decisis* is applicable to judicial decisions which now may be viewed as judicial errors, it does not hold as to jury errors.

*By the Court.*—Order affirmed.