Losching and others, Respondents, vs. Fischer and another, Appellants.

*December 3, 1940—March 11, 1941.*

For the appellants there were briefs by *Hale & Skemp* of La Crosse, and oral argument by *Quincy H. Hale.*

*F. E. Withrow* of La Crosse, and *L. L. Duxbury* of Caledonia, Minnesota, for the respondents.

The following opinion was filed January 7, 1941:

FAIRCHILD, J. All six plaintiffs were guests in Fischer's car when it collided with that of the defendant Hunt. The accident occurred about 1 o'clock in the morning of July 23, 1939, about a mile and a half east of the village of La Crescent on United States Highway No. 61 in Minnesota, not far west of the Mississippi river bridge. At that point the road was a three-lane highway running in a general east-west direction. Each of the outside lanes was twelve and one-half feet wide and the center lane was ten feet wide. Fischer had stopped at La Crescent to wait for a freight train to pass, and was about in the middle of a long line of cars which had formed before the road was cleared. As soon as he started up Fischer began passing cars ahead of him as he drove east. It was while passing cars or just after he had completed the act of passing that his car collided almost head on with one driven in the opposite direction by the defendant Hunt. The left front wheels of the two cars caught and each car was thrown to its right, turning about the point of contact as though on a pivot. Fischer's car was struck at the rear by the automobile of one Aakre, which was admittedly being driven wholly in the south or right-hand lane.

When the motion of the cars ceased, they stood about twenty-five or thirty feet apart, each facing sideways across the road, the Hunt car facing south and the Fischer car north. There was about six feet of room in the north lane past the back end of the Hunt car which was enough to allow traffic to flow past after the accident. The front end of Fischer's automobile was about one third over the black line separating the south and center lanes and the rear end extended south to

a point about two and one-half feet from the south side of the concrete.

In written statements given more than seventy-two hours after the accident to W. J. Cashin, an employee of the defendant insurance company, the plaintiffs all stated that Fischer was in the extreme right or south lane of travel and that the Hunt car veered or swerved over to the south side  This corroborated the explanation of the accident given immediately thereafter by Fischer to a highway-patrol officer. These statements were contradicted in each instance by the plaintiffs' testimony at the trial.  On the stand each testified that Fischer was driving with the left wheels of his automobile about a foot over the line dividing the middle and north lanes.

There were no marks on the roadway tending to show the course of the cars, and as a result the position of the automobiles and their damage are the only physical facts established.

This is the second trial of this case.  The first resulted in a verdict for plaintiffs, but the court granted a new trial in the interests of justice, the court being influenced by the discrepancy between the statements made by the plaintiffs before trial and their testimony at the trial.  At the second trial there was a verdict and judgment in favor of the plaintiffs from which judgment the defendant Fischer and his insurance carrier appeal.

Reversal is sought principally on the ground that the physical facts are contrary to the plaintiffs' testimony and because of the discrepancies between the pleadings and pre-trial statements on the one hand and the plaintiffs' testimony at the trial on the other.  Certain other errors, such as improper reference by counsel for plaintiffs to the seventy-two-hour statute (sec. 325.28, Stats.), and the refusal of the court to call other witnesses to be cross-examined by the defendants' attorney, were assigned; but as to these we find no prejudicial error.  Counsel for appellants ask a dismissal of plaintiffs'

complaints against them. Plaintiffs argue that inconsistencies between their statements and testimony amounted only to a conflict in the evidence which was within the province of the jury to reconcile. Reasons given for the statements were to the effect that plaintiffs did not realize the facts of the case would be important; that they were anxious to recover for their own damages; that they were willing to go along with Fischer in his explanation of how it happened; that they thought Fischer made the statement he did to the officer because he would naturally wish to escape the publicity of any possible negligence on his part; and that the plaintiffs had not recovered from shock and did not know their rights or sense their real obligations.

At the first trial each of the complaints, verified by the plaintiffs, alleged that "Emma Hunt lost control of her automobile and veered over to the south side of the highway." At the second trial an amendment changed the word "to" to "toward." This amendment of the pleadings was claimed by the plaintiffs to have averted the prior inconsistency between them and the plaintiffs' testimony at the first trial.

To say that confusion may arise in the minds of the witnesses to the accident and that contradictory statements may be made, is only to acknowledge human frailties, and the lack of mathematical certainty in matters where the truth depends on human observation and recollection. But when such failures appear to be colored and qualified by a desire to serve some ulterior purpose, they have not only an impeaching character but may furnish grounds for granting a new trial in the interests of justice. The learned trial judge who presided at the first trial was convinced that the discrepancies between the statements and the testimony were due to more than inadvertence or honest mistakes and therefore granted the new trial. A second jury has now passed upon the issues and considered the testimony. Both the jury and the trial

judge had the advantage of seeing and hearing the witnesses as they testified. The claim of most of the witnesses, whose testimony conflicted with their pre-trial statements, was that they did not tell the truth in the statements given to the investigator, but did speak the truth at the trial. One witness frankly says that he did not tell the truth in the statement submitted to the investigator or in the statement he made to the attorney for the defendants shortly before the trial. In response to the question, "And you lied to me when I asked you?" he answered, "Yes."

The responsibility for the conduct of the trial primarily rests upon the judge. Each of these distinguished judges has met in full measure the responsibility that is his. In the record of the second trial we note that the judge, before granting judgment upon the verdict, spoke of the service of the jury as being "a masterful piece of work." He also added an expression showing his disapproval of the conduct of certain witnesses. Had he granted a new trial in the interests of justice, his action would very probably have been affirmed. Although there must come a time when a trial will have to be considered final, there may be several new trials in the same case. There is no limit upon the power of the court to grant successive new trials where the triers of fact have erred or there has been improper conduct affecting the verdict. "We take the jury system as we received it from the common law. . . . There it was under the superintending power of the trial court." *Gross Coal Co. v. Milwaukee,* 170 Wis. 467, 471, 175 N. W. 793. Motions for a new trial after successive trials are naturally granted with greater reluctance where the verdicts were concurring than after the first, but such motions are still within the discretionary power of the trial court. Upon the second trial the appellant was fully advised of the change of attitude of the witnesses of whom he complains and the testimony given under oath fairly justifies

the verdict. It is considered that the court was warranted in granting judgment. *Gross Coal Co. v. Milwaukee, supra; Van Doren v. Wright,* 65 Minn. 80, 67 N. W. 668.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on March 11, 1941.